### No. 22,171.

FRANK MERGEN and THOMAS CORPSTEIN, Partners, etc., *Appellants*, v. THE SALINA NORTHERN RAILROAD COMPANY et al., *Appellees*.

#### SYLLABUS BY THE COURT.

PLEADINGS—*Demurrer to Amended Petition—Properly Sustained.* After a motion to make certain allegations of a petition more definite and certain has been overruled, such pleading cannot, in respect to such allegations, be upheld as against a general demurrer unless it fairly states a cause of action without resort to inferences or the construction of doubtful language.

Appeal from Mitchell district court; RICHARD M. PICKLER, judge.   Opinion filed May 10, 1919.   Affirmed.

*C. L. Kagey,* and *Omer D. Smith,* both of Beloit, for the appellants.

*David Ritchie,* of Salina, for the appellees.

The opinion of the court was delivered by

WEST, J.:   The plaintiffs sued to recover for materials and provisions sold and delivered to Burton and Carter, who were alleged to have been engaged and employed in the construction of certain sections of the principal defendant's railroad as con-

tractors, the railroad company not having taken any bond from them to protect materialmen as provided by statute.

To the original petition a demurrer and motions to make definite and certain were filed and sustained. The plaintiffs filed an amended petition, and motions to make this pleading definite and certain were filed and overruled. Thereupon, the defendants demurred upon the ground that the amended petition did not state a cause of action. This demurrer was sustained, and the plaintiffs appeal.

The significant allegations of the amended petition were that the plaintiffs furnished certain provisions to Burton and Carter who—

"Were engaged and employed in the construction of certain sections of said Salina Northern Railroad as contractors; . . . plaintiff further alleges that said Salina Northern Railroad Company did not take from said Burton and Carter, as contractors, or either of them, a good and sufficient bond, conditioned that said persons should pay all laborers, mechanics and materialmen, and persons who supply such contractors with provisions or goods of any kind and all just debts due to such persons, as provided by law, but failed and neglected so to do; and by reason of the failure to take such bond said railroad company is liable to the plaintiffs herein to the full extent of all such debts so contracted by said contractors by the provisions of the statutes in such cases made and provided. Plaintiffs further state that by reason of the facts heretofore alleged, the defendants are indebted to them in the sum of $617.56 on an account for said goods, materials, provisions and merchandise so sold and delivered to said Burton and Carter as such contractors."

After overruling motions to make a petition more definite and certain the liberal rule applying to petitions as against a demurrer becomes more strict, and unless the pleading fairly states a cause of action it cannot be upheld. (*Stewart v. Balderston*, 10 Kan. 131; *Wilhite v. Dieball*, 94 Kan. 78, 82, 145 Pac. 854; *Balmer v. Long*, ante, p. 408, 179 Pac. 371.)

It was said on the argument by counsel for the defendants that Burton and Carter were not contractors, but subcontractors. However that may be, the amended petition avoids, studiously or otherwise, the statement that Burton and Carter were engaged in the construction of any portion of the railroad as contractors with the railroad company. In *Lapere v. Luckey*, 23 Kan. 534, it was said:

"There was an apparently labored effort to avoid stating some of the facts which should have been stated in detail. . . . Inadvertent omis-

sions of facts from a pleading, . . . are generally looked upon leniently by the courts, . . . but a studious omission of important facts from a pleading cannot be favored." (pp. 536, 537.)

Such an allegation is essential to bring the case within the statute, which applies only in case a railroad company "shall contract with any person for the construction of its road or any part thereof," when such railroad company shall "take from the person with whom such contract is made a good and sufficient bond." (Gen. Stat. 1915, § 8453.)

If Burton and Carter were under contract with the railroad company, a very few words would have expressed such fact, and their absence leaves the pleading insufficient to state a cause of action.

The judgment is affirmed.