No. 27,046.

J. B. WIGGINS, *Appellee*, v. MISSOURI-KANSAS-TEXAS RAILROAD COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

MASTER AND SERVANT—*Federal Employers' Liability Act—Sufficiency of Petition.* In an appeal from an order overruling a demurrer to a petition for damages for personal injuries under the federal employers' liability act, the various points argued are considered and held to be without merit.

Appeal from Bourbon district court; EDWARD C. GATES, judge. Opinion filed January 8, 1927. Affirmed.

*W. W. Brown, C. E. Pile,* both of Parsons, and *Douglas Hudson,* of Fort Scott, for the appellant.

*John Connelly,* of Fort Scott, *Charles Stephens, Frank E. Dresia* and *Hubert Horning,* all of Columbus, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for personal injury under the federal employers' liability act. The trial court overruled a demurrer to the second amended petition and defendant has appealed.

The petition and amended petition had been attacked by motion to make more definite and certain in many particulars and by a motion to strike out numerous sentences and phrases. These motions had been sustained in part and overruled in part. The second amended petition was drawn to conform to the court's ruling upon these motions.

The petition, after alleging facts which brought the relation of the parties within the federal employers' liability act, stated that plaintiff was head brakeman; that defendant had used for many years a certain flat torpedo between one and two inches wide and about one-half inch thick for signal purposes in handling its trains; that it was the duty of the defendant to have its engine cabs equipped with racks for the purpose of carrying signal material in view of its employees in the cab of the engine, but defendant neglected to have such racks, and sometimes placed such materials in the box under the engineer's seat; that it was plaintiff's duty, among other things, when called to go on a run, to look about the cabs of locomotives to see if same were equipped with the necessary signals

and flagging materials, and if he found that the engine was not properly equipped, to report that fact to the defendant's supply house; that at the time of the injury, and for perhaps a month prior thereto, it had been using a different make of torpedo, which was round and covered with a coating of lead, and which was much more sensitive and more easily exploded than the flat torpedoes ordinarily used; that plaintiff had never been informed of the use of the new torpedoes and knew nothing about them; that on the day in question he was performing his duty, looking about the cab for signal material; that there were no racks in the cab having the signal material in view; that he went to look into the box under the engineer's seat for them; that he reached his hand down into the box, when his hand, or something in the box, came in contact with one of the long, round torpedoes and caused it to explode, and a piece of the lead covering the torpedo struck him in the eye, entirely destroying the sight thereof. It is alleged that the long, round torpedo was highly explosive; that the negligence of the defendant, its servants and employees, consisted in not using due care to inform plaintiff of their use and the place where they were kept, etc.

Appellant invokes the rule in *Mergen v. Railroad Co.*, 104 Kan. 811, 180 Pac. 376, that in overruling motions to make a petition more definite and certain, the liberal rule applying to petitions as against a demurrer becomes more strict, and unless the pleading states a cause of action it cannot be upheld.

Appellant complains of the disjunctive "or" in the allegation that defendant should have racks "or" other suitable place in which to keep the signal material in view. This argument is trivial. Appellant contends that the only difference alleged between the two classes of torpedoes was the dissimilarity in appearance, one being flat and the other round. That was not a correct interpretation of the petition; it is also alleged that the round torpedoes are much more sensitive and more easily exploded.

It is argued that the plaintiff failed to perform his alleged duty in not reporting that the flagging materials were not in racks in the engine cab in his unobstructed view. This is hardly a correct interpretation of the petition. While it is alleged it was the duty of defendant to furnish such racks and to keep the material there, it is further alleged that it did not do so, but placed them in these boxes, and it was plaintiff's duty to see if they were on the cab.

It is argued that when plaintiff saw the flagging material was not in the engine cab in proper racks he then voluntarily, without direc-

tion or instruction, and against the rules of his master, selected his own method of work, and therefore assumed the risk incident thereto. This argument is based upon a clearly erroneous interpretation of the petition.

We have carefully considered all of the points argued by appellant and find no merit in any of them.

The judgment of the court below is affirmed.