No. 32,560

Lena Brunsilius, *Appellee*, v. The Farmers & Merchants State Bank of Concordia, and Charles W. Johnson, as Receiver, etc., *Appellants*.

(53 P. 2d 476)

Opinion filed January 25, 1936.

*Charles L. Hunt* and *Frank C. Baldwin,* both of Concordia, for the appellants.
*N. J. Ward,* of Belleville, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action for damages for personal injuries which plaintiff sustained in a fall in a hall or stairway alleged to have resulted from defendants' negligence in not having the hall properly lighted and a proper handrail. The trial court overruled a demurrer to the petition, and defendants have appealed.

In the petition, as far as is material here, it was alleged that the Farmers & Merchants State Bank of Concordia failed, and the defendant receiver was appointed in November, 1931; that as a part of the assets which came into his hands as receiver was the two-story bank building, the first floor of which was used for bank purposes and the second floor for office rooms; that there was a common stairway and hall to such office rooms, one of which was occupied by an attorney; that on January 3, 1932, plaintiff and her husband, having gone to the attorney's office room and having consulted him concerning legal matters, left his room after dark; that plaintiff was then unable to see the steps of the stairway and being unfamiliar therewith fell and received injuries for which she seeks to recover; that the defendant receiver and his employees who cared for such building under his directions were negligent "in failing to properly light said hall and stairway, and in failing to keep said hall and stairway in a reasonably safe condition for the use" of those who rightfully visited the offices upon the second floor, and because thereof plaintiff fell down such stairs and received injuries. Defendants moved that the plaintiff be required to make her petition more specific, definite and certain by stating specifically what defendants did, or failed to do, which resulted in the hall or the stairway being or remaining in an unsafe condition, and by stating specifically the facts upon which plaintiff concluded the hall or the stairway was not kept in a reasonably safe condition. This motion was sustained. Thereafter plaintiff filed an amended petition stating her cause of action against defendants in the wording of the original petition, with this added:

"Said hall and stairway were not in a safe condition *at the time the plaintiff was injured* because of insufficient light and because of the absence of rails

and other protection in the hall leading to and upon the said stairway, and all of which were necessary to make the said hall and stairway reasonably safe for the users thereof *at the time the plaintiff was injured.*" (Italics ours.)

It will be noted this amended petition limits the time of the existence of the alleged unsafe condition of the hall and stairway to the time of plaintiff's injury. In view of the general nature of the allegations in plaintiff's petition, the motion to make it more specific, definite and certain, and the ruling of the court sustaining that motion, it must be assumed plaintiff stated the time of the existence of·the alleged defects as definitely as the facts would warrant. In this situation the petition should be construed with respect to the specific negligence alleged rather than with respect to the general allegations therein. (*Adams v. Reeves,* 136 Kan. 66, 68, 12 P. 2d 731.) Appellee argues that the general allegations of the original petition, repeated in the amended petition, may be construed as alleging absence of lights or other safety provisions at a time prior to the injury, hence, that the amendment made to the petition limiting the allegations to the time of the injury should not be controlling. The rule is well settled that when a motion to make a petition more specific, definite and certain is resisted by the pleader and overruled the petition cannot be upheld as against a general demurrer unless it fairly states a cause of action without resort to inferences which may be drawn from the construction of doubtful language. (*Mergen v. Railroad Co.,* 104 Kan. 811, 812, 180 Pac. 736.) There is much more reason in this case to construe plaintiff's cause of action as being predicated upon the alleged negligence at the time of the injury, for here the court required plaintiff to plead specifically the negligence upon which she relied, and in response to that order the only time referred to was the time of the injury. There is no allegation that the hall or stairs were unlighted or in an unsafe condition at any time before plaintiff's injury.

It may be conceded that this was a stairway and hall for the common use of tenants on the second floor of the building, and that defendants were under the duty to use due care to keep them in a reasonably safe condition (*Hinthorne v. Benfer,* 90 Kan. 731, 733, 136 Pac. 247), and that they would be liable if, by the exercise of reasonable care, they could have discovered the unsafe condition and the risk involved therein, and could have made the condition safe. (See Restatement, Torts, §§ 357, 358, 359, and comments thereon.) There is no allegation in the petition that the defendants

knew of the unsafe condition of the hall and stairway, or that such a condition had existed long enough for them to have known about it and had an opportunity to make the condition safe.

In this respect the petition is much like that considered by the court in *Given v. Tobias,* 137 Kan. 58, 19 P. 2d 472. It was there held that a demurrer to the petition was properly sustained. No reason suggests itself why a different rule should apply here.

While another point is argued it is not deemed necessary to pass upon it.

The judgment of the court below is reversed with directions to sustain the demurrer to the petition, and to enter judgment for defendants.