No. 33,167

Isaac H. Leeka and Nora Leeka, *Appellees*, v. Oscar M. Yount, *Appellant*.

(64 P. 2d 24)

Opinion filed January 23, 1937.

*C. A. Spencer, J. H. Jenson,* both of Oakley, *Oscar Ostrum,* of Russell, and *Sylvan Bruner,* of Pittsburg, for the appellant.

*E. B. Morgan,* of Galena, *Kelsey Norman* and *James C. Norman,* both of Joplin, Mo., for the appellees.

The opinion of the court was delivered by

Wedell, J.: This action was brought to have a warranty deed declared to be a mortgage, and for incidental relief.

It appears the parties agree the petition was grounded in fraud. The appeal is from an order overruling a demurrer to the petition. The question involved is the two-year statute of limitations. It is unnecessary to narrate all the allegations of the petition. The warranty deed was recorded by appellant, who contends the statute of limitations began to run on the discovery of the fraud by appellees, which in this case, according to the petition, was the occasion on which appellant refused to accept an attorney's fee for his serv-

ices in a divorce suit between the appellees, for which fee the petition alleged the warranty deed had been given to appellant solely as security, and on which occasion appellant also refused to reconvey the property. Appellant urges the fraud did not consist in the acceptance of the deed as a mortgage, but that if there was fraud the statute began to run on the date appellant refused to reconvey the property and claimed ownership of the land by virtue of the deed. (*Miller v. Cloney,* 123 Kan. 538, 256 Pac. 159.) In that case it was held:

"The execution of a deed, absolute in form, intended by the parties as a security for an indebtedness will be treated as a mortgage, and their contemporaneous agreement evidencing such intention may be shown by parol proof.

"Where the grantee, so called, recognizes the intention and agreement for a time, but later renounces his trust and claims the instrument was an outright conveyance, which vested the absolute title in him, an action may be brought by the grantor to declare the instrument to be a mortgage and for other relief within two years after the actual discovery of the fraudulent renunciation of the trust by the grantee.

"The rule of constructive discovery does not apply where the grantee in the instrument mentioned, executed a mortgage on the property which is placed on record, and the statute of limitations does not begin to run until the actual discovery of the fraud by the grantor." (Syl. ¶¶ 1, 2, 3.)

Now let us apply the foregoing principles to the facts pleaded in the case before us. Appellant filed a motion asking the petition be made definite and certain by stating "when and where plaintiff, Nora Leeka, claims she advised the defendant she had arranged for the money and was ready to pay the amount that plaintiffs allege was owing to defendant." The motion was overruled. Appellant insists it has been definitely held that when such motion is overruled the general demurrer should be sustained. In support of this contention we are referred to *Mergen v. Railroad Co.,* 104 Kan. 811, 180 Pac. 736, and *Brunsilius v. Farmers & Merchants State Bank,* 143 Kan. 148, 53 P. 2d 476. In the latter case it was said:

"The rule is well settled that when a motion to make a petition more specific, definite and certain is resisted by the pleader and overruled the petition cannot be upheld as against a general demurrer unless it fairly states a cause of action without resort to inferences which may be drawn from the construction of doubtful language." (p. 150.)

The above rule is correctly stated. This petition, however, fairly stated a cause of action without resort to inferences which might be drawn from the construction of doubtful language. There was

no doubtful language to construe. The petition in the instant case fairly showed the alleged renunciation of the trust and the claim of ownership occurred in less than two years prior to the commencement of this action. The petition alleged in chronological order the various facts on which the cause of action was based. It stated the decree of divorce had been rendered on October 5, 1933. It then alleged:

"*That thereafter* said Nora Leeka advised the defendant she had arranged for the money and was ready to pay the amount owing to him; whereupon said defendant stated to Nora Leeka in substance that she could not now pay said sum and he would not reconvey said property because she had waited too long: . . ."

"Thereafter" clearly meant not only subsequent to some act or acts previously pleaded, but subsequent to all acts previously pleaded. The decree of divorce on October 5, 1933, was the last act in point of time, previously pleaded. The petition in this case was filed September 17, 1935. It therefore clearly appeared, without resort to inferences, the action was not barred. The order overruling the demurrer was proper, and it is affirmed.