No. 34,793

NELLIE A. LOFLAND, *Appellee*, v. IDA M. CROMAN, *Appellant*.

(103 P. 2d 772)

Opinion filed July 6, 1940.

*Frank H. McFarland,* of Topeka, for the appellant.

*James Malone* and *Clarence Malone,* both of Topeka, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to set aside a deed executed and delivered by plaintiff to defendant and also to set aside a mortgage on the land described in the deed, which mortgage was executed and delivered by defendant to plaintiff, and to bar defendant of all title or interest in the land on the ground that the transaction described by plaintiff created a trust in the land in favor of the plaintiff.

The petition was first challenged by a motion to make definite and certain. The principal purpose of that motion was to make the petition disclose the nature and character of the trust relied upon

in order that defendant might properly prepare his defense. Two paragraphs of the motion were successfully resisted by plaintiff. The other paragraph of the motion was sustained. When plaintiff filed her amended petition she did not comply with that portion of the motion which was sustained, but omitted from the amended petition that portion of the petition to which the court sustained the motion. The result was that defendant obtained none of the information she had sought in her motion.

Thereafter defendant lodged a general demurrer to the amended petition. The demurrer was overruled. Defendant has appealed from the ruling and urges that in view of the fact the principal portion of her motion was successfully resisted to her prejudice, plaintiff is not now entitled to have the petition, together with inferences to be drawn therefrom, liberally construed in her favor, but that, on the contrary, the averments in the amended petition must now be strictly construed. She contends the petition was not drawn upon any one clear and definite theory, but that, on the contrary, although the petition in part claims relief on the ground of a resulting trust, various trust theories were deliberately commingled with the hope that plaintiff might obtain the desired relief upon some theory.

Only a few allegations were added to the amended petition. The additions contained in the amended petition will be inserted in parentheses. The words "and admissions," contained in the original petition and which were attacked by motion to make definite and certain, which words were omitted from the amended petition, will be italicized. The petition, omitting caption and description of property, reads:

"Comes now the plaintiff, Nellie A. Lofland, and states that she is a resident of Kansas and that her correct post-office address is Topeka, Kan.; and that the defendant, Ida M. Croman, a widow, is a resident of California and that her correct post-office address is San Gabriel, Cal.

"For her cause of action against the defendant, plaintiff alleges and states: that on May 28, 1912, this plaintiff acquired fee-simple title by warranty deed, recorded on June 15, 1912, in Book 385 on page 281 of the register of deeds office of Shawnee county, Kansas, to the following-described real estate: [Description of real estate follows], that this plaintiff paid the balance of the purchase price in the amount of $1,500 for the above-described real estate, and acquired title thereto for the purpose of providing a home for her widowed mother, Ellen Costello, as long as she would live.

"Plaintiff further alleges that on the 16th day of July, 1913, she married Joseph M. Lofland; that shortly after her marriage this plaintiff discovered that her husband was inclined to squander his money and she was seized

with a fear that some day he might attempt to compel this plaintiff to sell or mortgage the above-described real estate before the death of her mother or otherwise make it impossible for this plaintiff to keep this property as a home for her mother as long as her mother lived; that this plaintiff wrote to her sister, Ida M. Costello, who is the defendant and who at that time was unmarried and living in California; that after an exchange of several letters, this plaintiff decided (without any fraudulent intent) to convey the above-described real estate to the defendant to be held by the defendant until the death of the mother; that the plaintiff executed a deed on or about the 16th day of October, 1913, which deed is recorded October 18, 1913, in Book 396 on page 339 of the register of deeds office, Shawnee county, Kansas, whereby this plaintiff conveyed the above-described real estate to the defendant; that this deed was made without consideration of any kind and solely for the purpose of holding said real estate until the death of the mother; that the relationship between the plaintiff and the defendant was purely confidential and fiduciary (and the conveyance from the plaintiff to the defendant was brought about and induced by such relation); and (that) it was known, intended, understood and agreed by and between both parties that this conveyance was made only for the purpose of protecting this real estate during the lifetime of the mother.

"Plaintiff further alleges that in order to make the said transaction between herself and the defendant appear more regular and to protect this plaintiff's interest in said real estate the defendant executed to the plaintiff a mortgage in the amount of $1,500, which mortgage was recorded in Book 391 at page 354 of the register of deeds office, Shawnee county, Kansas; that said mortgage was entirely without consideration and this plaintiff received no money whatsoever from the defendant in this transaction.

"Plaintiff further alleges that the entire transaction between the plaintiff and the defendant was done without the knowledge of the plaintiff's husband, Joseph M. Lofland, and this plaintiff specifically denies that the above-described deed to the defendant was signed by either Joseph M. Lofland or his duly authorized agent.

"Plaintiff further alleges that the mother lived for a few years upon the above-described premises, after which she moved to the home of Louis Costello, of Topeka, Kan., a brother of the parties to this action; that the said real estate was then rented and the rental was received by Louis Costello to take care of the expense of keeping the mother; that this arrangement continued until December 16, 1937, when the mother died.

"Plaintiff further alleges that the defendant (then) wrote the plaintiff asking the plaintiff and her husband, who were then living in Shelby, N. C., to come to Topeka, Kan., and to move into the above-described premises; that the defendant authorized Louis Costello to send the plaintiff $40 out of the rentals from said real estate to pay expenses of coming to Topeka, which money the plaintiff received the latter part of October, 1938; that plaintiff and her husband arrived in Topeka, Kan., on November 6, 1938, but were not permitted to move into said house; that since arriving in Topeka, Louis Costello has turned over to this plaintiff approximately $87, which is all the

rental from said real estate above taxes and insurance; that after several demands of explanation the plaintiff received the following letter from the defendant, which letter and evelope were postmarked 'Air Mail San Gabriel, Calif. June 29, 1939, 5:30 PM':

" 'Thursday.

" 'DEAR SISTER NELLIE:

" 'Just received your air-mail letter. I thought Louis would explain it all to you. I am sure he will if you talk things over with him.

" 'We thought at first you could live there and take a couple of roomers or boarders as I am doing to help pay living expenses (at the present time mine are paying all mine), but don't think it would work out in your case now so we'll just leave things as they are. You are to get all the income over taxes, etc., and that will pay your room rent, and surely Joe can get something to do enough to pay your other expenses. Anyone who can write nice letters like he can surely ought to be able to get something to do enough to feed yourselves. You just let him get busy. You have done your part. You have worked hard in your time and earned lots of money. He is young, and should be able to fit in some place. It is up to him now. . . .

(Signed) IDA.'

"Plaintiff further alleges that the conveyance by the plaintiff to the defendant of the above-described real estate constituted and created a resulting trust raised by implication of law; that the terms of the trust were carried out for more than twenty-four years during which the mother received the beneficial use of said property; that upon the death of the mother, this trust terminated; that following the death of the mother, the defendant asserted neither rights nor title in said real estate, but recognized that the plaintiff was entitled to the fruits from said real estate; that the defendant, by her acts of performance during her mother's life, and by her conduct *and admissions* since her mother's death, has continuously recognized this trust since the day it was created; and that now after her duties as trustee have terminated, the defendant, in failing and refusing to convey said real estate to the plaintiff and to permit the plaintiff to enjoy full possession and use of said property, is committing a betrayal of confidence and a breach of trust.

"Wherefore, the plaintiff, Nellie A. Lofland, respectfully prays this honorable court for an order declaring that the transaction between the plaintiff and the defendant as above set out created a resulting trust (raised by implication of law) ; that the trust has now been fully performed; that the deed whereby the plaintiff conveyed said real estate to the defendant and the mortgage of the defendant be set aside and held void; that the defendant, her heirs and assigns be forever barred from claiming of any right, title or interest in or to said real estate; that the plaintiff have judgment for her costs and for such other and further relief as to the court may seem just and proper in the premises."

Defendant's motion to make the petition definite and certain was in substance as follows:

1. To require plaintiff to state the consideration which she paid for the purchase of the property in question and to state whether the $1,500 was the full purchase price plaintiff paid for the land and who, if anyone, paid the additional sum or sums necessary for the purchase.

2. To require plaintiff to state whether or not the letters alleged to have been exchanged between plaintiff and defendant, first referred to in the petition, constituted an agreement in writing concerning the terms of the alleged trust, and if so, that the letters which plaintiff received from the defendant covering that subject be attached to the petition.

3. To state whether or not the admissions alleged by plaintiff to have been made by defendant, whereby defendant is said to have recognized the trust, were oral or in writing, and if in writing, that the same be attached to the petition and made a part thereof.

The motion was overruled as to paragraphs one and two and sustained as to paragraph three.

The ruling on a motion to make definite and certain ordinarily rests in the sound discretion of the trial court and, therefore, is ordinarily not reviewable. (*Nelson v. Schippel,* 143 Kan. 546, 56 P. 2d 469; *Nardyz v. Fulton Fire Ins. Co.,* 151 Kan. 907, 101 P. 2d 1045.) Where, however, the ruling constitutes an abuse of sound judicial discretion and prejudices a substantial right, it is reviewable. (*Hasty v. Bays,* 145 Kan. 463, 465, 66 P. 2d 265, and cases cited.) It has been held that the test of whether the ruling is reviewable is whether the allegations of the petition are so indefinite and uncertain that the nature of the charge is not apparent. (*Allison v. Borer,* 131 Kan. 699, 293, Pac. 769; *Sluss v. Brown-Crummer Inv. Co.,* 137 Kan. 847, 22 P. 2d 965; *Hasty v. Bays,* 145 Kan. 463, 465, 66 P. 2d 265.) It is well established that where timely motions have been leveled against a petition and they are resisted by the plaintiff and overruled by the court, the sufficiency of such petition is to be strictly construed when tested by demurrer thereafter lodged against it. (*Mergen v. Railroad Co.,* 104 Kan. 811, 180 Pac. 736; *Brunsilius v. Farmers & Merchants State Bank,* 143 Kan. 148, 53 P. 2d 476; *Leeka v. Yount,* 145 Kan. 155, 156, 64 P. 2d 24; *Knight v. Hackett,* 149 Kan. 492, 494, 87 P. 2d 505; *Dodd v. Wilson & Co., Inc.,* 149 Kan. 605, 609, 88 P. 2d 1116.) It follows the petition, when tested by a demurrer, is now subject to critical scrutiny and must be strictly construed against the plaintiff. (*Knight v. Hackett,* and *Dodd v. Wilson & Co., Inc.,* supra.) Another rule must be noted. In *Grentner v. Fehrenschield,* 64 Kan. 764, 68 Pac. 619, it was held:

"The plaintiff must frame his petition upon a distinct and definite theory, and upon that theory the facts alleged must state a good cause of action. If the petition is not drawn upon a single and definite theory, or there is such a confusion of theories alleged that the court cannot determine from the

general scope of the petition upon which of several theories a recovery is sought, it is insufficient." (Syl. ¶ 1.)

To the same effect are *Davis v. Union State Bank,* 137 Kan. 264, 20 P. 2d 508; *Scherger v. Union National Bank,* 138 Kan. 239, 245, 25 P. 2d 588. The theory of plaintiff's cause of action is not stated in clear and concise language. Defendant was entitled to know whether plaintiff was relying upon an express trust in writing or whether she was relying only upon the theory that a trust was created by operation of law. This fact constituted a vital point in the lawsuit. In fact, the nature of the entire defense might well turn upon the question whether an express trust in writing had been created. Defendant's counsel was entitled to know that fact prior to trial in order that he might have a fair opportunity to intelligently represent the interests of his client.

Defendant contends the first paragraph of his motion should have been sustained. We are not convinced of the merit of that contention. We are, however, clearly of the opinion that the second paragraph of the motion should have been sustained. The amended petition even now contains expressions apparently designed to disclose an express trust. Defendant was entitled to know whether such express trust was in writing. In *Mergen v. Railroad Co.,* 104 Kan. 811, 180 Pac. 736, it was held:

"After a motion to make certain allegations of a petition more definite and certain has been overruled, such pleading cannot, in respect to such allegations, be upheld as against a general demurrer unless it fairly states a cause of action without resort to inferences or the construction of doubtful language." (Syl.)

Plaintiff contends she is not relying upon an express trust in writing. Her petition, however, refers to an exchange of letters, which apparently resulted in an alleged trust. A demurrer does not test the contention of a party but the pleading against which it is leveled.

There is an additional circumstance which prevents this court from treating lightly the ruling on the demurrer in view of the previous motion. It is the manner in which plaintiff apparently deliberately concealed from defendant certain facts to which the petition expressly referred, but which it failed to clearly state. We are inclined to the view that plaintiff's conduct discloses a rather studied effort to avoid stating a cause of action upon any clear and definite theory. That effort is further disclosed by plaintiff's failure to com-

ply with the order sustaining paragraph three of the motion. The original petition, among other things, alleged that by defendant's "admissions," since the mother's death, defendant had continuously recognized the trust. What trust? Instead of complying with the order which required plaintiff to plead so as to cast some light upon that issue plaintiff evaded the effect of the court's order by omitting the words "and admissions," from the amended petition. Such evasion should not be, and it is not, favored by the courts. In commenting upon similar conduct this court in the early case of *Lapere v. Luckey*, 23 Kan. 534, said:

"There was an apparently labored effort to avoid stating some of the facts which should have been stated in detail. . . . Now, in the absence of these facts, we think the court below did right in sustaining said demurrer. Inadvertent omissions of facts from a pleading, especially where the omitted facts are unimportant, or where they may be covered by broad and general allegations, are generally looked upon leniently by the courts, and especially so after verdict; but a studious omission of important facts from a pleading cannot be favored; and this is especially true where the pleading is attacked before trial, and by demurrer." (pp. 536, 537.)

The rule announced in the Lapere case was again applied and quoted at length in *Mergen v. Railroad Co.*, supra, p. 812. We do not desire to be understood to say that plaintiff, in filing an amended petition, did not have the right to eliminate some averments contained in the original petition. We do think, however, that her conduct, in view of the court's ruling on paragraph three of the motion, rather clearly indicates a deliberate attempt to conceal facts from the defendant which might cast some light upon the vital question of the exact nature and character of the alleged trust.

Let us return now for a moment to the letters which the petition alleged were exchanged between plaintiff and defendant, prior to the execution of the deed and mortgage. Those were the letters which defendant sought to have attached to the petition. Now it will not do to say, in this kind of an action, that the allegation concerning the exchange of such letters constitutes mere surplusage and that, therefore, it was unnecessary to attach them. Those allegations, together with averments now remaining in the amended petition on the subject of an express trust, have, to say the least, definitely confused the possible theory upon which plaintiff may attempt to rely in the course of the trial. It is not the function of pleadings to keep the adverse party in the dark, but it is their function to clearly define the issues in order that all parties may

definitely understand the precise issues to be determined in the trial of the action. Plaintiff succeeded in defeating that fundamental purpose and function of pleadings.

We shall note one other point. Plaintiff contends, upon the theory of an implied trust, she pleaded that plaintiff and defendant were sisters and that the relationship was purely confidential and fiduciary, and that the conveyance from plaintiff to defendant was brought about and induced by such relationship. Those are the only averments that a confidential and fiduciary relationship actually existed. Now, the mere allegation that plaintiff and defendant were sisters, of course, did not constitute facts disclosing a confidential and fiduciary relationship. Simply to state, without alleging other facts, that the relationship was confidential and fiduciary, gives rise to the question whether such averments standing alone do not constitute a conclusion. We need not, however, determine that question now.

Other allegations in the petition tend to negative such a relationship. Plaintiff pleads she conveyed the fee title to defendant after an exchange of several letters, and that she took a mortgage back from the defendant on the property in the amount of $1,500. She pleads that the mortgage was taken in order to make the transaction between her and the defendant appear more regular and to protect her own interest in the real estate and to protect her interest against possible conduct of her own husband. The allegations concerning the requirement of a mortgage from the defendant's sister would tend to indicate that plaintiff and defendant were dealing at arm's length. In view of the scant averments in support of the existence of a confidential and fiduciary relationship, and in view of the admission that a mortgage on the property was exacted by plaintiff from her sister, we think defendant was especially entitled to be advised concerning the contents of the letters between plaintiff and defendant, which resulted in the alleged trust, in order that defendant might investigate and determine for herself whether an express trust in writing had been created, and if so, to further determine the nature and character of the alleged trust.

Plaintiff contends the letters are but evidence of a confidential relationship and to plead them would be pleading evidence. In that contention plaintiff assumes she has the sole authority to determine the substance and legal effect of the letters. That assumption is, of course, without merit. Moreover, when a party relies upon a

fiduciary and confidential relationship, as a basis for a cause of action, she is required to plead the facts which disclose it. Plaintiff is the party who pleaded the exchange of letters prior to the creation of the alleged trust. Having pleaded the letters, which she claims disclose a fiduciary and confidential relationship, defendant was entitled to whatever enlightenment the letters might cast upon the relationship, whether confidential, fiduciary or otherwise.

Defendant was entitled to have the second paragraph of her motion to make definite and certain sustained. That motion touched a vital issue in the lawsuit. In view of the fact plaintiff successfully resisted that paragraph of the motion, defendant's demurrer to the petition should have been sustained. The trial court is directed to sustain that paragraph of the motion and in the event plaintiff does not comply with such order, then the court is directed to sustain the demurrer to the petition.

ALLEN, J., concurs in the result.