No. 37,082

Bankers Investment Company, *Appellee*, v. Central States Fire Insurance Company, of Wichita, *Appellant*; Tom Holden, *Defendant*.

(192 P. 2d 214)

Opinion filed April 10, 1948.

*Daniel M. Moyer*, of Wichita, argued the cause, and *Charles G. Yankey, Harvey C. Osborne, John G. Sears, Jr.*, and *Dwight S. Wallace*, all of Wichita, were with him on the briefs for the appellant.

*Abraham Weinlood*, of Hutchinson, argued the cause, and *Don Shaffer*, of Hutchinson, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: This is an action in which the plaintiff seeks to recover a money judgment for an alleged invasion of its rights in personal property.

Shortly after the institution of the action the defendant, Central States Fire Insurance Company, challenged the petition by a motion wherein it requested the plaintiff should be required to make its petition more definite and certain in the following particulars:

"1. Plaintiff should be required to attach to its petition copy of the insurance policy referred to in Paragraph 1 of plaintiff's petition, or in lieu thereof to set out in said petition all of the contract provisions that plaintiff relies on to create liability to it from this defendant.

"2. Plaintiff should allege whether this defendant violated any contractual or other duty owed to it by this defendant in ordering the repairs or in ordering said airplane flown or transported to the City of Wichita as set forth in Paragraph 7 of plaintiff's petition, and if plaintiff claims that this defendant violated or exceeded the rights afforded it under the terms of the insurance policy referred to in plaintiff's petition, plaintiff should allege the provisions of said policy so breached.

"3. Plaintiff should be required to set out in its petition the exact nature of the charges made by R. C. Allmon & Company, which charges are referred to in Paragraphs 7, 9 and 11 of plaintiff's petition, and plaintiff should allege whether or not any action has been taken by R. C. Allmon & Company to foreclose the lien which plaintiff alleges in its petition that R. C. Allmon & Company asserted against said airplane, and if any action has been filed by said R. C. Allmon & Company to foreclose the same or to establish his lien, plaintiff should be required to attach a copy of the petition filed in said action to the petition filed in this action.

"4. Plaintiff should allege whether or not the action taken by this defendant in authorizing or ordering the airplane repaired and in ordering said airplane transported or flown to the City of Wichita was by direction, authorization, approval or order of the defendant Tom Holden, the owner of said airplane.

"5. Plaintiff should be required to separately state the cause of action as against this defendant as from the cause of action against Tom Holden and the plaintiff should be required to itemize the amount of damages claimed as against this defendant, Central States Fire Insurance Company."

Thereupon the trial court sustained ground 5 and overruled all other grounds of such motion. We make no further reference to the petition for the reason its allegations are the same as those appearing in the amended petition, hereinafter quoted, with the exception that causes of action are separately stated in the latter pleading.

Such amended petition, omitting its formal averments, reads:

"First Cause of Action

"4. On February 9, 1946, defendant Tom Holden executed in favor of plaintiff a 'Combined Note and Chattel Mortgage,' a copy of which is attached hereto marked 'Exhibit A,' and made a part hereof by reference, by which said defendant Tom Holden promised to pay to plaintiff the sum of $10,132.56 in twelve monthly installments of $844.38 each commencing on March 9, 1946, and by which to secure the payment of such note, said defendant Tom Holden mortgaged to plaintiff one used 1943 Cessna airplane, Model T-50, manufacturer's serial number 5130, license number NC 54816, motor names, types and numbers Jacobs L-4MB, J O—23540 and Jacobs L-4MB, J O—23534. Said 'Combined Note and Chattel Mortgage' was properly recorded with the Civil Aeronautics Administration of the Department of Commerce of the United States on May 24, 1946, as Document No. 196094.

"5. On or about June 28, 1946, defendant Central States Fire Insurance Company contracted with defendant Tom Holden and with plaintiff for the issuance of an insurance policy covering the above described aircraft, and the policy of insurance with all endorsements and riders was issued in final form on or about July 24, 1946, for the period to June 28, 1947, and covering loss or damage to said aircraft. Said policy was made payable to defendant Tom Holden and to plaintiff as their respective interests may appear, and defendant Tom Holden was designated as the owner under a chattel mortgage, plaintiff being designated as mortgagee.

"6. Defendant Central States Fire Insurance Company, its officers, agents, servants, and representatives knew at all times during the term of said policy and to the present that said aircraft was encumbered by the mortgage referred to above, and that plaintiff was the mortgagee, and had an interest in the aircraft and any insurance which might be payable under the terms of the aforesaid insurance policy, and any action which might be taken with respect to the aircraft.

"7. On or about July 23, 1946, the aircraft referred to above sustained damage at Casper, Wyoming, within the meaning and coverage of said insurance policy. Defendant Central States Fire Insurance Company was notified of said loss, pursuant to the terms of the policy on July 24, 1946. Thereafter, said defendant Central States Fire Insurance Company, through its agent and representative The Fire Company's Adjustment Bureau, inspected the plane, ordered and paid for an appraisal of the damage and probable cost of repair, and then contracted with R. C. Allmon and Company, of Wichita, Kansas, to go to Casper, Wyoming, place the plane in condition to fly to Wichita, Kansas, and bring it to Wichita, with express orders to do nothing toward final repair of said plane until written authority was granted. Said R. C. Allmon and Company performed the terms of this contract and brought the plane to Wichita, Kansas, and entered a charge of $2,600.00 for such services. All of said action of defendant Central States Fire Insurance Company and its representatives was without notice to plaintiff until plaintiff subsequently learned of it, as hereinafter set forth.

"8. On or about October 24, 1946, plaintiff was advised that an adjustment had been made under the terms of the aforesaid insurance policy, and a check was sent to plaintiff in the amount of $1,644.50, in accordance therewith, by the authorized representatives of defendant Central States Fire Insurance Company. A copy of said check is attached hereto and marked 'Exhibit C' and made a part hereof by reference.

"9. On or about October 28, 1946, plaintiff sent a representative to Wichita, Kansas, accompanying defendant Tom Holden, for the purpose of taking possession of the aircraft herein involved and having it repaired. Upon making request for possession, plaintiff's representative was advised that R. C. Allmon Company had not been paid its bill of $2,600.00 for the services described in paragraph No. 7 above, and that a lien for that amount was claimed and possession would be retained by R. C. Allmon Company until said bill was paid and possession was refused plaintiff and defendant Tom Holden.

"10. Said R. C. Allmon and Company has not been paid to the time of filing of this Petition, so far as is known to plaintiff, and said R. C. Allmon and Company has continued until this time to assert a lien on said aircraft and to retain possession thereof.

"11. Upon being advised as set out in paragraph 9 above, plaintiff refused to endorse the check referred to in paragraph 8 above, but made demand on defendant Central States Fire Insurance Company through its authorized representatives to pay the amount which R. C. Allmon Company claimed a lien, and make possible the release of said aircraft. Thereupon plaintiff was advised by the representatives of defendant Insurance Company that payment had been stopped on the check above referred to, pending a further adjustment of the

matter. Defendant Central States Fire Insurance Company has to this time neglected, failed and refused to pay the R. C. Allmon Company, whose claim of lien and retention of possession has continued until this time.

"12. The said Tom Holden has been totally in default under the terms of the aforesaid note and mortgage since September 9, 1946, and plaintiff has therefore declared the whole of the principal sum of said note due and payable, being the amount of $5,605.82 as of January 9, 1947, with interest at 10 percent from that date; but by reason of the acts and failure of defendant Central States Fire Insurance Company, as herein set out, and said defendants thereby causing the assertion of the lien of R. C. Allmon Company, plaintiff has been unable to foreclose against its security and to thereby satisfy its claim in any part.

"13. As of the time of the adjustment and issuance by defendant Central States Fire Insurance Company of its check described in paragraph 8 above, by its representatives, the aircraft herein involved, as reparable by the amount of the check, was of sufficient value to amply secure the amount of the debt for which it was security.

"14. As a result of the failure of defendant Central States Fire Insurance Company to pay the claim of R. C. Allmon and Company, and the lien therefor maintained by said R. C. Allmon and Company, the aircraft has remained unrepaired and exposed to the elements for many months with such consequent damage to engines, fabric and other parts of the plane as to render it worthless at this time as security or for any other purpose, even though its possession could be obtained. Said plane has been, as a result of its exposure, condemned by the Civil Aeronautics Administration of the Department of Commerce.

"15. By reason of said deterioration of the aircraft, and by further reason of the lien caused by defendant Central States Fire Insurance Company, plaintiff has been deprived of its security of its note and mortgage.

"SECOND CAUSE OF ACTION

"16. Plaintiff refers to and makes a part of this cause of action paragraph four above and states further that defendant Tom Holden has been in default of his payments due under the terms of the said note and mortgage since September 9, 1946, though demand has been made for payment and plaintiff deems itself insecure and is entitled to and has declared the whole of the principal sum yet unpaid under said note due and payable in the amount of $5,605.82 with interest at 10 percent from January 9, 1947.

"Wherefore, plaintiff prays for judgment against defendants and each of them, in the amount of $5,605.82 with interest from January 9, 1947, at 10 percent, together with costs of this action."

Defendant, Central States Fire Insurance Company, next demurred to the amended petition on grounds of failure of such pleading to state facts sufficient to constitute a cause of action as against it and misjoinder of causes of action. The demurrer was overruled and this appeal followed.

In view of the limited issues involved we are not required to

classify precisely the nature of the action. We note, however, the first cause of action contains some language which appears to predicate appellant's liability upon an existing insurance contract, other language which might be interpreted as charging appellant with conversion of the property described in such pleading, and still other language susceptible of a construction the appellee's alleged right of recovery results from a series of wrongful acts resulting in injury to and destruction of its property.

As we consider whether the trial court erred in overruling the demurrer it is well to keep in mind that the overruled portion of appellant's motion to make more definite and certain was successfully resisted by appellee. Likewise remember, that under such circumstances the petition must be strictly construed as to matters covered by the motion (*State, ex rel., v. Fleming Co.* [No. 37,113], 164 Kan. 723, 192 P. 2d 207 [this day decided]; *Sullivan v. Paramount Film Distributing Co.,* 164 Kan. 125, 187 P. 2d 360; *Lofland v. Croman,* 152 Kan. 312, 103 P. 2d 772; *Frazier v. Cities Service Oil Co.,* 159 Kan. 655, 157 P. 2d 822).

If from the language of the petition, which speaks for itself, the first cause of action is to be regarded as founded on the insurance contract, the trial court under our statute (G. S. 1935, 60-739) and our decisions (see *Sullivan v. Paramount Film Distributing Co.,* supra, and *Superior Oil Co. v. Blunk,* 161 Kan. 710, 712, 171 P. 2d 658) should have sustained ground 1 of the motion to make definite and certain.

Assuming appellee bases its right to recovery upon conversion, it cannot be successfully urged the petition states a cause of action. Nothing is to be found there which justifies a conclusion the appellant ever had possession or claimed any right to possession of the airplane in question or that it, at any time, has asserted a claim inconsistent with the appellee's right thereto. Indeed the contrary appears. Under allegations of such pleading the R. C. Allmon Company, not the appellant, has possession of the airplane, and is asserting the lien resulting in its detention.

Finally appellee argues that under certain circumstances a third person may be liable for injury to or the destruction of mortgaged property and insists the petition states a cause of action predicated upon an invasion of its rights in the property in question.

In support of this contention it directs our attention to 14 C. J. S. 822, § 216, where it is said:

"A third person wrongfully interfering with a mortgaged chattel may be liable for a conversion, as where he appropriates it to his own use, or destroys it, or wrongfully sells or disposes of it, or assists in a wrongful use or disposition of the property by the mortgagor, or after default by the mortgagor refuses to deliver it to the mortgagee upon demand. Likewise, a third person may be held liable for damages where he injures or destroys the mortgaged property, or sells it in defiance of the mortgagee's superior lien. . . ."

We have no quarrel with the foregoing rule. In fact a similar statement appears in 10 Am. Jur. 837, § 183. However, we point out that in each of such statements it appears that the conduct giving rise to such a cause of action must be either wrongful or tortious.

Grounds 2 and 4 of the motion to make definite and certain sought to have the petition state whether appellant's action in contracting to have the airplane returned to Wichita was wrongful or authorized. This appellee refused to do. Therefore, under the rule of construction to which we have heretofore referred, we cannot say the amended petition states a cause of action against appellant in damages for wrongful or tortious injuries to, or destruction of, appellee's property. By the same token, in the absence of allegations disclosing appellant, under the terms of its insurance contract, was authorized to take such action with respect to the airplane, and that having done so it then became its duty to pay off the lien thereafter asserted by R. C. Allmon Company, it cannot be held that its failure to make such payment gives rise to a cause of action against it.

Since appellee's petition fails to state a cause of action against appellant, either on contract, in conversion, or for tortious injury to or destruction of the property in which it has an interest by virtue of its mortgage, the trial court erred in overruling the first ground of the demurrer to the petition.

The decision just announced leaves the petition with a single cause of action, conceded to be good, against the defendant Holden who is not a party to this appeal. Thus the action of the trial court in overruling the portion of the demurrer based upon misjoinder was technically correct.

In *Jones v. Rainbolt,* 162 Kan. 353, 176 P. 2d 855, where other decisions of like effect are cited, we held:

"If a petition contains but a single cause of action it is not open to attack for misjoinder even though the pleader has unsuccessfully attempted to state other causes of action therein." ( Syl. ¶ 2.)

Be that as it may, since it is apparent the ruling on such phase

of the demurrer was not based upon the doctrine just mentioned, we feel impelled to say we would have no difficulty, even if the petition had stated a cause of action against appellant, in concluding that under the statute (G. S. 1935, 60-601), and our decisions construing its force and effect (*Benson v. Battey,* 70 Kan. 288, 78 Pac. 844; *Osborne v. Kington,* 148 Kan. 314, 80 P. 2d 1063; *Burks v. Aldridge,* 154 Kan. 731, 121 P. 2d 276; *Cole v. Thacker,* 158 Kan. 242, 146 P. 2d 665; *Sharp v. Cox,* 158 Kan. 253, 146 P. 2d 410; *Pratt v. Barnard,* 159 Kan. 255, 257, 154 P. 2d 133), the second ground of the demurrer based on misjoinder of causes of action should be sustained. The two causes of action upon which appellee relies are based upon entirely different elements and it is crystal clear there is nothing in the second which can be regarded as affecting the appellant in any manner whatsoever.

The judgment is reversed.

BURCH, J., not participating.