### THE CITY OF EMPORIA v. MARY A. WHITE.

No. 14,699.   (86 Pac. 295.)

DAMAGES — *Personal Injuries* — *New Trial* — *Newly Discovered Evidence*. After judgment for plaintiff in a personal-injury case a new trial on the ground of newly discovered evidence was denied. Judgment affirmed.

Error from Lyon district court; FREDERICK A. MECKEL, judge. Opinion filed July 6, 1906. Affirmed.

*J. Harvey Frith*, for plaintiff in error.

*Kellogg & Madden*, and *Dennis Madden*, for defendant in error.

*Per Curiam:* Mary A. White recovered a judgment against the city of Emporia for personal injuries sustained by being thrown from her buggy while driving on one of its streets. She alleged that while driving along one of the streets in the city her horse came in contact with one of the city's electric wires which had become displaced and was on the ground, and that the horse became frightened and ran against a telephone-pole, throwing her out of the buggy. The court denied the city's motion for a new trial on account of newly discovered evidence. This order the city now seeks to reverse.

The evidence introduced in support of the motion for a new trial was in the form of affidavits made by two young men, who swore that they were present at the time Mrs. White was thrown from the buggy. The affidavits tend to establish three propositions: (1) That the horse driven by Mrs. White became frightened by a dog and was running away when it came in contact with the electric wire; (2) that the wire was not down on the street but on a vacant lot; (3) that the wire was not down at four o'clock P. M. of the evening when Mrs. White received her injury.

Whether the wire was down in the street, and

whether the city had actual notice of this fact or the wire had been down a sufficient length of time to charge it with notice, were disputed questions of fact on the trial, and both parties offered evidence tending to support their respective contentions. Therefore, the affidavits relating to these questions were cumulative.

The only remaining contention supported by the affidavits was that the horse driven by Mrs. White became frightened by a dog and was running away when it came in contact with the wire. If without fault on the part of the plaintiff her horse had been so frightened by a dog that it was beyond her control, and ran into an electric wire that the city had negligently permitted to lie on the ground, this would furnish no ground for a new trial. If the city is guilty of negligence in permitting one of its electric wires to lie on the ground it is liable to a traveler who without fault of his comes in contact with it and sustains injury thereby. (*Street Rly. Co. v. Stone*, 54 Kan. 83, 37 Pac. 1012; *City of Topeka v. Hempstead*, 58 Kan. 328, 49 Pac. 87.)

The order denying the new trial is affirmed.

