Evans v. City of Hutchinson.

---

No. 20,532.

LAURA BELLE EVANS, *Appellee,* v. THE CITY OF HUTCHINSON, *Appellant.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Defective Sidewalk—Injuries—Evidence.* In an action for an injury alleged to have been caused by a defect in a sidewalk, an objection to evidence as to the condition of the walk after the accident held not to be well taken, because there was room for an inference that no change in that respect had taken place, and because the specific objection had not been urged at the trial.

2. SAME—*Defective Sidewalk—Negligence Question of Fact.* It can not be said as a matter of law that a city is not liable for an injury to a pedestrian resulting from a fall due to a depression in a sidewalk caused by the scaling off of the cement crust over a space two feet long and six inches wide, although its depth is found to be about half an inch.

3. SAME. Nor can it be said as a matter of law that the existence of such a defect for a period of several years was not a sufficient basis for charging the city with notice of its existence.

4. SAME—*Instructions.* The instructions in such case held to have sufficiently defined the duty of the city.

5. SAME—*Special Questions.* The answer to a special question held to be sufficiently responsive.

6. SAME—*Evidence.* The evidence held to support the verdict.

Appeal from Reno district court; FRANK F. PRIGG, judge.
Opinion filed January 6, 1917. Affirmed.

*Walter F. Jones,* and *A. C. Malloy,* both of Hutchinson, for
the appellant.

*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for
the appellee.

The opinion of the court was delivered by

MASON, J.:    Laura Belle Evans recovered a judgment
against the city of Hutchinson on account of injuries she re-
ceived in a fall caused by irregularity in the surface of a side-
walk due to the scaling off of the cement crust covering a space
about two feet long and six inches wide.   The defendant ap-
peals.

1.    One witness testified that the depression in the surface
of the walk occasioned by the breaking and removal of the
crust was about half an inch deep.   Another who visited the
place two or three weeks after the accident estimated the depth
at three inches.   Objection is made to the latter testimony on
the ground that no showing was made that the condition had
not changed.  There was no direct and explicit evidence to
that effect, but it was shown that the hole in the walk had
existed for several years and was not repaired  until  later.
Moreover this objection was not specifically made at the trial
and is not now tenable.

2.    The jury returned an affirmative answer to a question
submitted in these words:   "Was the defect in the sidewalk
over which plaintiff passed a place about two feet long and six
inches wide where the upper crust or surface crust of the ce-
ment walk had broken through to a depth of about one-half
inch?"   The defendant insists that a depression of half an inch
is so shallow that the court should say as a matter of law that
it could not constitute an actionable defect.   In view of the
testimony already referred to the finding that the depth was
"about" half an inch can hardly be regarded as indicating that
it was not greater in places.   In a number of cases somewhat
similar defects in a sidewalk have been held to be so slight

Evans v. City of Hutchinson.

that no question for a jury is presented in an action seeking to hold the municipality liable for resulting injuries. (Note, L. R. A. 1916 A, 490, and notes therein referred to; Note, 20, Ann. Cas. 798.)  The ordinary rule, however, as shown by cases cited in the notes referred to, is that liability depends on whether an injury such as that complained of should have been anticipated, by the exercise of reasonable prudence, as the result of the defect in question. (28 Cyc. 1367.)  Each case turns to a large extent upon its own peculiar features.  A review of the specific decisions arising out of facts having some likeness to those here presented would extend this opinion unduly, and is not regarded as necessary.  Clearly the scaling off of the top of a cement sidewalk in irregular patches of considerable size, leaving a depression surrounded by an abrupt rise, although less than an inch in height, might cause a fall, as is said to have happened here.  Whether such an accident ought, by the use of a fair degree of diligence, to have been anticipated and guarded against is a matter about which reasonable minds may differ, and therefore the question of the liability of the city was properly submitted to the jury.  A break in the surface of a cement walk of the character described is an obvious defect, capable of being readily repaired, and this circumstance may serve to distinguish its menace from that of other small irregularities that are not easily to be avoided.

Language used in *Gould v. City of Topeka*, 32 Kan. 485, 4 Pac. 822, is quoted as indicating that before a city can be held responsible for injuries sustained in a sidewalk, the condition of the walk must be such that a court can say as a matter of law that it is dangerous.  As recently explained that case holds merely that where reasonable minds may differ as to the dangerous character of a defect in a street, the doubt *may*, not *must*, be given to the city authorities, by the tribunal charged with passing on the matter.  (*Klipp v. City of Hoyt*, ante, p. 14, 160 Pac. 1000.)

3. The defendant maintains that the defect was so slight that notice to the city is not to be presumed from its existence even over the period of several years.  The question raised by this contention is substantially the same as that just discussed. If the appearance of the walk was enough to apprise the city

authorities that such an accident might happen, there was a sufficient basis for charging them with notice, and as has just been said, that was a fair question for the jury.

4. Complaint is made of the giving and refusal of instructions defining the duty of the city. The jury were told that the city was not an insurer, but was liable only for injuries caused by its failure to use ordinary care in keeping its sidewalks in a reasonably safe condition. We think this sufficiently covered the ground of the instructions asked on the point, and cured any inaccuracy of statement elsewhere made. Instructions asked to the effect that there could be no liability unless the injury might have been reasonably foreseen by a person of ordinary intelligence and prudence might well have been given, but their omission was not prejudicial in view of instructions that a verdict for the plaintiff required a finding that the defective sidewalk was the proximate cause of the injury, proximate cause being defined as that which leads to and might have been expected to be directly instrumental in producing the injury. An instruction asked and refused regarding circumstantial evidence was open to some criticism, but in any event the situation did not necessitate a special instruction on that subject.

5. A question submitted to the jury (presumably by the defendant) read as follows: "How was plaintiff injured? Describe how it happened." They answered: "Caught her toe." It is argued that the question called for a statement of the proximate cause of the injury, and that the failure of the jury to determine it was a negative finding which acquitted the defendant. To us the answer seems responsive and in accordance with the allegations of the petition. In the absence of a request to have it made more explicit it fairly implied that the plaintiff had been tripped by the toe of her shoe striking the edge of the hole.

6. The contention is also made that the evidence does not support the findings and verdict. We think upon each issue as to which that question is raised there was sufficient evidence to take the case to the jury.

The judgment is affirmed.