No. 31,661

Katie Register, a Minor, by Her Next Friend, Rollie J. Register, *Appellant*, v. The City of Pittsburg, *Appellee*.

(33 P. 2d 173.)

Opinion filed June 9, 1934.

*Sylvan Bruner* and *Walter T. Davis*, both of Pittsburg, for the appellant.

*E. V. Bruce*, of Pittsburg, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: Katie Register, under the age of eleven years, was injured in crossing a street of Pittsburg, and through her next friend and natural guardian brought this action to recover for the injury sustained. She alleged that while crossing Broadway street where Jackson street reaches it, but does not cross it, and while stepping up on a curb which was about ten inches in height and six inches thick, constructed of concrete, she put her foot in a depression, a broken place, in the curb leading up to the parkway of Broadway street, fell and broke her leg, and was seriously injured.

She was over ten years of age and had gone to the store on Broadway street a number of times. As a witness she stated the occurrence, and several witnesses, including her father, testified in her behalf. When the testimony for plaintiff was concluded, a demurrer to the evidence was introduced by the defendant, and sustained by the court, and from that ruling the present appeal is taken.

A good deal of testimony taken was as to the nature of the fracture, the pain suffered and the length of time she was confined in

her bed. Three pictures were also introduced, taken by a local photographer, which have been produced here. Jackson street, it appears, comes up to Broadway, but does not cross it. She was going to a store on Broadway, semipublic in character, and when she stepped into the depression it caused her to fall, and the city contends that the slight depression in the curb where there was no sidewalk or cross walk, said by a witness to be from an inch and a quarter to one inch and a half deep, and extending along the curb about six to eight inches wide and about six to eight inches long, was not such as to render it liable for the injury.

It is insisted by plaintiff that the evidence produced made a *prima facie* case, and was at least sufficient to take the case to the jury. Cases are cited of depressions and defects in sidewalks where pedestrians are expected to travel in which slight depressions causing accidents were held to be actionable. It has been decided that a person in traveling about the city is not confined to sidewalks or crosswalks but has a right to assume that all parts of a street and alley open for travel are reasonably safe, and that a pedestrian may cross at any place that suits his convenience, and if there is a defect which causes an accident without fault on the part of the pedestrian a recovery may be had. Citing *City of Topeka v. Gillett,* 32 Kan. 431, 4 Pac. 800; *City of Olathe v. Mizee,* 48 Kan. 435, 29 Pac. 754; *Kansas City v. Orr,* 62 Kan. 61, 61 Pac. 397; *City of Emporia v. White,* 74 Kan. 864, 86 Pac. 295; *Evans v. City of Hutchinson,* 99 Kan. 477, 162 Pac. 342; *Stone v. City of Pleasanton,* 115 Kan. 378, 223 Pac. 312.

While the cases cited authorize a recovery under the facts, they also recognize that there are degrees of care to be exercised, and right of recovery varies according to the place where the accident occurred, and what the duties of the city were as to keeping such places safe for travel, and the use that might be expected to be made by users of certain parts of the street. The same care is not to be expected by people who are angling across the street over a curb and parkway as in places set apart for travelers, like sidewalks and crosswalks.

While the cases cited authorize a recovery, they recognize that there are duties owed by the plaintiff to keep to streets and walks designed for travel to the place where the accident occurred and give consideration to the use that might be expected to be made of the streets at that place. The parkway is not expected to be used

much by foot passengers. The law recognizes this, as shown in *Klipp v. City of Hoyt,* 99 Kan. 14, 160 Pac. 1000, where it was said:

"The law fixes the standard of the city's duty. Streets and sidewalks must be such that public travel on them may be reasonably secure. If on the trial of a case it be doubtful under the evidence whether or not a city has measured up to that standard, if the evidence be conflicting, or furnish the basis for different inferences, the jury pronounces on the subject of liability or non-liability after having been instructed regarding the law. If there be no conflict of evidence or inference from evidence to be resolved, the situation is the same as if the entire case were stated in a petition against which a demurrer has been lodged. The jury has no function to perform, and the court applies the law and states the result." Etc. (p. 16.)

Then the law provides that one who has property upon a public street may plant trees or shrubbery and shall have such title thereto as will enable the owners to prosecute those who injure or destroy these trees, shrubbery and parking. The trees and shrubs standing there would be obstructions to travel on the sidewalks and cross-walks designed by the legislature for the use of pedestrians, but it is plain they would not be so regarded when planted or grown within the curb, as the legislature provides. The trial court, it is said, placed reliance on a Wisconsin authority. There the accident resulted from a broken curb, a hole about seven and three-quarters inches long at the top, five inches at the bottom, and extending down into the curb three and three-eighths inches. The hole had been there for several months. The plaintiff was walking in the driveway when a team and wagon approached, traveling towards him. He stepped upon the curb to take an angling northwestern course. As he did so he stepped into the depression, lost his balance, fell and broke his arm, and was otherwise injured. Walks were provided by the city, but not at the place where the accident happened. The court, in *Kuchler v. Milwaukee,* 165 Wis. 320, directed a verdict for defendant, holding that the hole was of such a nature and so located with reference to the course of travel and places provided therefor, as not to constitute an actionable defect. The court held that there was no controversy as to the facts in the case and no question for a jury to decide, and therefore did not sustain plaintiff's claim. Giving the plaintiff credit for the evidence, and of every inference derivable therefrom, it held that it was a question of law for the court to decide, and gave judgment for the city. It held that—

"The characterizing circumstances of the situation the trial court dealt with, doubtless, to some extent, influenced the result. The place was quite distant

from that part of the city where the sidewalks were liable to be much crowded by users. It was in a semibusiness part, but where there would reasonably be expected to be ample room on the side and crosswalks for pedestrians, without stepping aside and invading the region occupied by the curbstone where it was wholly outside the place for the use of the footmen. It would be somewhat a stretch of imagination to indulge in the idea that the four-inch depression in the curb could be dangerous to users of the street or crosswalk." (p. 324.) (Citing *Snyder v. Superior*, 146 Wis. 671.)

In the present case the court substantially applied the same rule. There was no material dispute in the facts, and the question was whether the fact that the face of the curbing had been scaled off, leaving a depression of only one and one-fourth inches and about six inches square over the curb, made the city liable for the accident. Plaintiff was mounting the parkway, covered with grass, not intended for foot travel, and we think the city had no duty to anticipate that plaintiff or anyone else would ignore the walks and angle across the grass parking to reach the grocery, and the court properly held that the city was not liable for the result of plaintiff's fall.

If the plaintiff had stepped across the curb safely and come upon the parkway and encountered a depression of one and one-fourth inches in the parkway, which caused her to fall and suffer the injury, could the city be held liable therefor? We think not, and that it constituted a question of law for the court to decide, but not one to be submitted to the jury.

Our conclusion is that the situation and the circumstances were such as to warrant the court in holding that the city was not liable for the injury which plaintiff sustained.

The judgment is affirmed.