## No. 33,228

DELIA MAY HACK, *Appellee*, v. THE CITY OF PITTSBURG, *Appellant*.

(65 P. 2d 580)

Opinion filed March 6, 1937. 

*B. W. Weir,* of Pittsburg, for the appellant.

*Sylvan Bruner,* of Pittsburg, and *Louis N. Wolfe,* of Joplin, Mo., for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover damages for personal injuries. Judgment was for plaintiff. Defendant appeals. Plaintiff has filed a cross-appeal asking for a new trial on the amount of damages.

The damages claimed are the result of plaintiff's stumbling and falling on account of a hole in that portion of a city street ordinarily used for vehicular traffic. The street in question led to an outlying portion of the city. It was not paved but was made of cinders, well packed and hard. There were no sidewalks on this street at the point where the injury occurred. The ground immediately adjacent to the street on each side was covered with weeds. The plaintiff lived about a mile from the business district of the city. She had no means of transportation, so was compelled to walk along the street in question until she reached a point in the city where there were sidewalks. The improved part of the street is twenty or thirty feet wide. On the day of her injury plaintiff was returning to her home, walking east, about in the middle of the street. She was carrying a bundle of cotton batting and a bundle of calico in her arms. There is evidence that the hole in which she stepped was eighteen inches long, fourteen inches wide and six inches deep. She stepped into the hole, her ankle turned and she fell to the ground, sustaining the injuries of which she complains. The injury occurred about two o'clock in the afternoon. The street was dry.

The first specification of error argued by defendant is that the objection of the defendant to the introduction of any evidence should have been sustained. The ground for this objection was that the facts stated in the petition, even if proven, would not constitute a

cause of action against the city. This raises substantially the same legal questions that are raised by a demurrer to the petition. The petition alleged that plaintiff—

"Stepped and slipped into a hole and/or depression in the aforesaid street, causing her to fall and to be thrown violently with great force upon and against the aforesaid street. . . . All of the aforesaid injuries and damages were caused by the defective and dangerous condition in the aforesaid street, at the aforesaid place, and that by reason of the said dangerous and defective condition of the said street she was caused to be thrown with great violence into, on and against the aforesaid street, injuring and damaging and disabling her as hereinbefore set out. Plaintiff further alleges and states that the street, at the point aforesaid, was dangerous and unsafe for public travel by reason of the fact that it was uneven, rough, with holes and depressions therein, presenting an uneven and broken surface and condition thereon, rendering it dangerous, defective and unsafe for public use; that the dangerous, unsafe and defective condition of said street had existed for a long period of time prior to the time the plaintiff sustained the injury, the exact place and time of which the plaintiff is unable to state for the reason that the same is unknown to her, and that the said defendant, the city of Pittsburg, Kansas, its officers, agents and servants, prior to said injury, knew of the dangerous and unsafe condition of said street, or by the exercise of ordinary care could have known of the dangerous and unsafe condition of said street."

The defendant argues that this objection should have been sustained because the above language did not sufficiently describe the particular defect in the street which caused the injury to plaintiff. We are not called upon here to decide just what the ruling of the court should have been had a motion to make definite and certain been directed at the petition. Such a motion was filed and overruled, but that order was not made one of the specifications of error nor was it argued in the brief. Under the circumstances we have concluded that when this petition stated that the street at the point where the injury occurred was unsafe for public travel by reason of the fact that it was uneven and rough, with holes and depressions in it, it was good as against a general objection to the introduction of any evidence. On this point defendant relies on what this court said in *Register v. City of Pittsburg*, 139 Kan. 753, 33 P. 2d 173. That was a case where a little girl ran across the parking in a city street and as she stepped up onto the curb at the side of the street she put her foot in a broken place in the curb, fell and broke her leg. The language in the opinion upon which defendant depends is to the effect that the city is not held to the same degree of care as to the condition of a part of a city street that is not set

apart for pedestrians as it is as to places which are, such as sidewalks and crosswalks. That opinion is of no avail to defendant here, however, since it appears from this petition that plaintiff was injured at a place on the street where she was compelled to walk if she were going to walk at all.

The defendant next argues that the demurrer of defendant to the evidence of the plaintiff should have been sustained because her evidence did not show negligence on the part of the city. To sustain this point defendant relies on cases relieving defendant from liability for damages where injuries were sustained on a state highway due to a washboardy condition or holes and ruts in a street or highway, the reasoning upon which the conclusion of this court was based being that such condition was not so unusual and out of the ordinary as to constitute a defect in the highway. In those cases the great extent of the state highway system and the limited funds available for maintenance of the system were considered on the question of whether the legislature intended that a condition such as that considered in the particular case should be held to be a defect. In every case the decision turned upon the facts proven in that action. We do not find a case relieving the highway commission from liability where the hole in the highway was as large and deep as the one proven by the record in this case. In this connection it should be noticed that the jury answered some special questions on this point. They were as follows:

"1. Do you find there was a hole or depression on East Jefferson street about one hundred feet east of the intersection of East Jefferson street and South Smelter street on November 8, 1934? A. Yes.

"2. If you answer question number one in the affirmative, or 'yes,' then you will answer the following questions:

 (a) How long was the hole or depression? A. 18 in.
 (b) How wide was the hole or depression? A. 14 in.
 (c) How deep was the hole or depression at the deepest place? A. 6 in.

"4. Was East Jefferson street, at a point about one hundred feet east of the intersection of East Jefferson street and South Smelter street, dangerous, defective and unsafe for public use? A. Yes.

"5. If you answer question number four in the affirmative, then state what condition or conditions existed at said place that caused said street to be dangerous, defective and unsafe for public use. A. Hole as testified to."

No motion attacking these answers was filed by defendant. Answered pursuant to correct instructions by the trial court, these questions and answers are highly persuasive to this court in the

consideration of the question we have here. Did the hole described in the answers to the special questions create such a condition of the street as to constitute negligence on the part of the city officials in permitting it to remain there? Many times we have held that such a question is one for the jury. (See *Durkin v. Kansas City Public Service Co.*, 138 Kan. 558, 27 P. 2d 259.) This court will not undertake to say in inches just how big a hole must be in order to make the city liable. What we have said many times, and now repeat, is that the question is one for the jury to answer, considering all the surrounding facts and circumstances, except where the condition of which complaint is made is so trifling as to clearly not constitute negligence. We hold the jury was justified in finding that the city in this action had not performed its duty of maintaining the street in question in a reasonably safe condition for travel, and that in view of the surrounding circumstances, the city should have anticipated that the street in question would be used by pedestrians.

Defendant next argues that its demurrer to the evidence of plaintiff should have been sustained because it did not show that the city had any notice, actual or constructive, of the dangerous condition in the street. Proper supervision of the maintenance of the streets of a city requires that such inspection be made as to enable such a condition to be brought to the notice of the official charged with the duty of remedying it. Indeed, the evidence introduced by defendant shows that an inspection of the streets of defendant was made almost daily for this purpose and that a motor grader had been over this particular place at least once during the month preceding the injury. We hold that under such circumstances the question of whether the city had constructive notice of the existence of this hole in the street was for the jury. (See *Holitza v. Kansas City*, 68 Kan. 157, 74 Pac. 594.)

Defendant next argues that its demurrer to the evidence of plaintiff should have been sustained because it showed that plaintiff was guilty of contributory negligence. Defendant points out that plaintiff was carrying a bundle of cotton batting and a bundle of calico in her arms and that this obstructed her vision so that she could not see where she was going. The argument is that to walk thus was contributory negligence in this instance since the evidence showed that the hole was in plain view and there was nothing in the street to obstruct her view. The trouble with that argument is that plaintiff said she could see where she was walking; that she was walking

"carefully" and "prudently." She was not obliged to keep her eyes on the surface of the street at all times. The question was for the jury. We cannot say that the carrying of the cotton batting and calico in the arms of plaintiff was contributory negligence as a matter of law. (See *Clark v. City of Hutchinson,* 114 Kan. 172, 217 Pac. 305, and cases cited.)

This disposes of the points raised by the defendant on the appeal. There remains the cross-appeal of plaintiff. Plaintiff argues that the trial court erred in not granting the plaintiff a new trial solely upon the issue of the amount of damages because the verdict and judgment are so grossly inadequate as to shock the conscience of the court. The amount of the verdict and judgment was $950. There is no doubt that this court has the authority to remand a case for new trial on one or more issues if such issues are separable and were not properly considered and decided by the jury. (See *Converse v. Wichita Gas Co.,* 132 Kan. 291, 295 Pac. 635.) In *Fenn v. Kansas Gas & Electric Co.,* 118 Kan. 131, 234 Pac. 77, this court set out the rule to be followed as a test for setting aside inadequate or excessive verdicts. There this court said:

"An excessive verdict and judgment is one of the most difficult problems which an appellate court has to deal with, as there is no uniform standard which can be used to measure the adequacy of verdicts for bodily injuries, including past, present and future pain and suffering; so it has come about that unless the award is so great as to shock the conscience of the reviewing court the verdict and judgment will not be modified or set aside." (p. 134.)

It would add nothing to this opinion to set out the testimony offered as to the damages sustained by plaintiff. Suffice it to say that considering the record, the size of this judgment does not appear so grossly inadequate as to require a retrial of the question of damages.

On the cross-appeal plaintiff next argues that the case should be sent back for a new trial on the question of damages because of the instruction given the jury by the trial court on the matter of the measure of damages. The record contains the instruction given on this subject. It appears that it might have been a little broader in its terms. The record does not disclose, however, that any exceptions were taken to this instruction at the time it was given nor was any instruction submitted and requested by plaintiff on that subject. It appears to have been raised for the first time in this court. The complaint made of the instruction is that the jury was not told that future physical or bodily suffering, future mental suffering,

future medical expenses or doctor bills, and future loss of earning capacity might be considered as proper items of damage. It will be seen then that the claim is not that the instruction misstated the law, but that the instruction merely failed to include certain items. In such a case this court has held an objection to the instruction given must be made at the time or a special instruction requested. (See *Foley v. Crawford*, 125 Kan. 252, 264 Pac. 59.)

The judgment of the trial court on the appeal and cross-appeal is therefore affirmed.