No. 34,703

Cora Reid Dargatz, *Appellee,* v. The City of Dodge City, *Appellant.*

(100 P. 2d 680)

Opinion filed April 6, 1940.

*C. H. Russell* and *W. C. Gould,* both of Dodge City, for the appellant.

*John A. Etling, W. N. Beezley,* both of Kinsley, and *Carl Van Riper,* of Dodge City, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action for damages alleged to have been sustained by plaintiff falling over a depression in the parking between the sidewalk and the curb in Dodge City. The general demurrer of the defendant to the petition of plaintiff was overruled. Defendant stood upon the demurrer, and appeals.

After alleging that defendant was a city of the second class and that it maintained a street called First avenue, the petition alleged that on the 9th day of July, 1937, about ten o'clock in the evening at a point between the curb and the sidewalk about fifty feet north of where Walnut street crosses First avenue, the plaintiff was injured by stepping into a depression in the parking, which caused her to fall; that the depression was in the parking near the curb, but between the curb and sidewalk, the depression was from five to seven inches in depth, fifteen inches east and west, and two feet north and south; that at this point the street was dark and insufficiently lighted, the only light being at the corner fifty feet to the south, which was interfered with by telegraph poles and trees in the parking; that the street was a busy street; that to the west side of it automobiles were parked diagonal to the curb and throughout a large portion of the days and evenings many cars were parked there; that between the curb and sidewalk on the west side of the street this place had been graveled or sanded, but had been permitted to

wash out, or otherwise get into the condition it did; that persons who were getting out of or getting into automobiles parked at this place ordinarily traveled across the parking to get to and from their automobiles; that all these facts were well known and had existed for a long time. The petition then alleged that plaintiff had parked her car on First avenue and that as she left the sidewalk to walk to her car for the purpose of getting into it she stepped into the depression, which caused her to fall, and she was injured in the amount of $5,250. After setting out the damages, the petition alleged that the depression had existed for a long time and was well known to the city officials charged with the duty of inspecting and repairing the same, or by the exercise of ordinary care on their part could have been known to them, but that said officers wholly failed and neglected to repair the same and negligently allowed the parking to remain in an unsafe condition. To this petition the defendant interposed a general demurrer on the ground that it did not state facts sufficient to constitute a cause of action against defendant and in favor of the plaintiff. This demurrer was overruled, and the city appeals.

The question is whether or not a depression such as that described in the petition constituted a sufficient defect that the city was liable for permitting it to exist. A question similar to this was considered in *Register v. City of Pittsburg,* 139 Kan. 753, 33 P. 2d 173. There the plaintiff had been injured while stepping upon the curb. The trial court held against recovery and on appeal to this court the judgment was affirmed. The case is of interest to us here because the court, in discussing some authorities upon which the plaintiff relied in that case, said:

"While the cases cited authorize a recovery, they recognize that there are duties owed by the plaintiff to keep to streets and walks designed for travel to the place where the accident occurred and give consideration to the use that might be expected to be made of the streets at that place. The parkway is not expected to be used much by foot passengers." (p. 754.)

It is well settled that the city is not held to the same degree of care as to the parking that it is in regard to sidewalks and crosswalks. This question was considered in the case of *Hack v. City of Pittsburg,* 145 Kan. 383, 65 P. 2d 580. There the injury occurred to plaintiff while she was walking along the street, but in the part that was intended for vehicular traffic. This court held the city liable, however, on the theory that the plaintiff in that case was walking in the only place that was provided for her to walk, that is,

the part intended for vehicular traffic because there were no sidewalks provided at that particular place in the city. (See, also, *Kuchler v. Milwaukee,* 165 Wis. 320.)

In considering this question this court will take into consideration the amount of parking and the amount of sidewalks of a city and the condition of parkings generally. The plaintiff had no right to expect the parking to be in as safe a condition as was the walk. The city is held to a high degree of care as to sidewalks, but to hold it to the same degree of care as to parking would place a burden upon cities with which they would not be able to cope. Sidewalks are made of concrete or brick, while the parkings are of sod or earth, or, as in this case, sand or gravel. At any rate, they are more vulnerable to the ravages of weather—such as the washing caused by rain or snow—than are sidewalks or cross walks. It will not do to make the city the insurer of the safety of everyone who uses the parkings to get to or go from his car. There must be negligence on the part of the city in order to make the defect an actionable one. We cannot hold that to permit a place such as is described in this petition to exist was negligence.

The judgment of the trial court is reversed with directions to render judgment for the defendant.