No. 34,963

Mattie Mead, *Appellee,* v. The City of Coffeyville, *Appellant.*

(107 P. 2d 711)

Opinion filed December 7, 1940.

*Aubrey Neale* and *Raymond Belt,* both of Coffeyville, for the appellant.

*A. R. Lamb* and *Clement A. Reed,* both of Coffeyville, for the appellee.

The opinion of the court was delivered by

Wedell, J.: In this action plaintiff seeks to recover damages from the city of Coffeyville, for personal injuries sustained by reason of an alleged defect in the parking between the curbing and sidewalk.

Defendant's motion to make the petition definite and certain and its general demurrer to the petition were both overruled, and defendant appeals.

Plaintiff filed a claim with the city for damages. The claim was attached to and made a part of her petition. In the claim she stated in substance: The injury occurred at approximately five o'clock in the afternoon of October 8, 1939. The injury was due to an obstruction in the *parking* on the *south* side of the 100 block on Twelfth street, and in front of what is commonly known as the fish market in that block. She was a customer of the fish market and was going from the market to her husband's automobile parked near the curb. The toe of her foot caught upon an obstruction which had been placed in the *parking,* for the purpose of anchoring the sign of the fish market.

In the petition she alleged in substance: The place of injury was on the *north* side of Twelfth street. The street was paved. She left the fish market located on the north side of the street at five o'clock in the afternoon and walked in a southerly direction across a space of about three feet between the sidewalk and the curbing. In that space someone, she did not know who, had driven an iron stake, approximately one-fourth of an inch in diameter, which extended approximately five inches above the ground. In the top of the stake was an eye. Her toe caught upon the *iron stake,* causing her to fall. The space between the sidewalk and the curbing was a thoroughfare used by the traveling public. Defendant was negligent in failing to exercise ordinary care in keeping *Twelfth street* free and clear of obstructions. Defendant knew or should have known of the *stake or obstruction* which had been in the street six months prior to the date of plaintiff's injury.

Defendant moved to have the petition made definite and certain in various respects. It is unnecessary to narrate all of them. Defendant, in part, requested that plaintiff be required to state: (1) The facts whereby plaintiff concluded the parking was a thoroughfare used by the traveling public; (2) the condition of the parkway and whether it was gravel, dirt or sod; (3) where in the parkway the stake was located; (4) how far the stake was from the nearest crosswalk or driveway from the street to the walk; (5) whether the stake was visible; (6) whether she saw the stake and if she did not see it what, if anything, prevented her from seeing it; (7) what other obstruction she claims was known to defendant in addition to the

stake or if the stake was the only obstruction that the words "or obstruction" be stricken; (8) where in the *street* the stake had existed for six months, or if plaintiff meant that the stake was in the parkway that she be required to so state.

This motion was successfully resisted by plaintiff in all particulars. Defendant leveled a general demurrer to the petition. The demurrer was likewise overruled.

Plaintiff contends defendant did not appeal from the ruling on the motion and that the ruling is not here for any purpose. The notice of appeal included the ruling on the demurrer and any and all orders or decisions against defendant.

It is true a ruling on a motion to make definite and certain ordinarily rests in the sound discretion of the trial court and therefore is ordinarily not reviewable. (*Nelson v. Schippel*, 143 Kan. 546, 56 P. 2d 469; *Nardyz v. Fulton Fire Ins. Co.*, 151 Kan. 907, 101 P. 2d 1045.) Where, however, the ruling constitutes an abuse of sound judicial discretion and prejudices a substantial right, it is reviewable. (*Hasty v. Bays*, 145 Kan. 463, 465, 66 P. 2d 265; *Lofland v. Croman*, 152 Kan. 312, 316, 103 P. 2d 772.) It has also been held that the test of whether the ruling is reviewable is whether the allegations of the petition are so indefinite and uncertain that the true nature of the charge is not apparent. (*Lofland v. Croman*, supra, p. 316, and cases cited.) Assuming the ruling on the motion in the instant case was not an appealable order, it does not follow the ruling is not here for any purpose. Where a motion or any part thereof is properly directed to a material allegation or averment in a pleading and is successfully resisted, the ruling has a vital effect upon the question of how the pleading will be interpreted when later attacked by demurrer. In the instant case the ruling on the motion is here for at least that purpose. The claim filed with the city alleged plaintiff was injured on the *south* side of Twelfth street and in the *parking*. The claim was made a part of the petition. The petition also alleged the injury occurred on the *north* side of Twelfth street in a *thoroughfare used by the traveling public*. A parking is not ordinarily regarded as a thoroughfare. A parking is not expected to be used much by foot passengers. (*Register v. City of Pittsburg*, 139 Kan. 753, 754, 33 P. 2d 173.) The degree of care a city is required to exercise over sidewalks and streets, is greater than that required as to parkings. (*Dargatz v. Dodge City*, 151 Kan. 747, 749, 100 P. 2d 680, and cases cited.)

Defendant, by its motion, properly solicited information which would clearly disclose the theory of plaintiff's cause of action. Plaintiff resisted that attempt and succeeded in withholding information which would have made clear the nature or theory of plaintiff's cause of action. The plaintiff must frame a petition upon a distinct and definite theory and upon that theory the facts alleged must state a good cause of action. Where there is confusion as to several theories upon which recovery is sought, the petition is insufficient. (*Grentner v. Fehrenschield*, 64 Kan. 764, 68 Pac. 619; *Lofland v. Croman*, supra, pp. 316, 317.) The theory, presented in her claim to the city that the alleged defect existed in the parking, was inconsistent with the theory which was in part presented by her petition, without the claim that the defect existed in a thoroughfare. The petition in its entirety commingled both theories. As against a general demurrer plaintiff was not thereafter entitled to resort to inferences to support a cause of action upon the theory that the injury occurred in a thoroughfare. (*Mergen v. Railroad Co.*, 104 Kan. 811, 180 Pac. 736; *Lofland v. Croman*, supra, p. 317.) The petition thereafter, when tested by demurrer, was subject to critical scrutiny and had to be critically construed against the plaintiff. (*Knight v. Hackett*, 149 Kan. 492, 494, 87 P. 2d 505; *Dodd v. Wilson & Co., Inc.*, 149 Kan. 605, 609, 88 P. 2d 1116; *Lofland v. Croman*, supra, p. 316.) Various inferences and statements are now indulged in plaintiff's brief touching the subject of a thoroughfare. We are not permitted to consider them. They are not contained in the petition. If plaintiff regards them as necessary to establish a cause of action upon the theory the parking constituted a thoroughfare, she should have alleged them in her petition. We are forced to conclude the petition now before us is one which describes the alleged defect as located in a parking. We do not hesitate to say it is common knowledge that pedestrians at times travel across parkings. That fact, however, does not make a parking a thoroughfare in the proper and common acceptation of the term. Moreover, to merely label a parking as "a thoroughfare used by the traveling public," does not alter the fact that it continues to be a parking over which pedestrians sometimes travel.

Plaintiff also insists the parking, the three-foot space, is part of the sidewalk and trafficway. With that contention we cannot agree. This court has frequently held otherwise. In *Register v. City of Pittsburg*, 139 Kan. 753, 33 P. 2d 173, a demurrer was sustained to

plaintiff's evidence. We affirmed the ruling. The alleged defect there was a broken place in the curbing upon which plaintiff stepped while starting to cross the parkway. The late Mr. Chief Justice Johnston, speaking for the court, after reviewing numerous authorities, concluded:

"While the cases cited authorize a recovery under the facts, they also recognize that there are degrees of care to be exercised, and right of recovery varies according to the place where the accident occurred, and what the duties of the city were as to keeping such places safe for travel, and the use that might be expected to be made by users of certain parts of the street. The same care is not to be expected by people who are angling across the street over a curb and parkway as in places set apart for travelers, like sidewalks and crosswalks.

"While the cases cited authorize a recovery, they recognize that there are duties owed by the plaintiff to keep the streets and walks designed for travel to the place where the accident occurred and give consideration to the use that might be expected to be made of the streets at that place. The parkway is not expected to be used much by foot passengers." (p. 754.)

In the same opinion it was further declared:

"Plaintiff was mounting the parkway, covered with grass, not intended for foot travel, and we think the city had no duty to anticipate that plaintiff or anyone else would ignore the walks and angle across the grass parking to reach the grocery, and the court properly held that the city was not liable for the result of plaintiff's fall." (p. 756.)

In the instant case plaintiff states in her *brief* Twelfth street was a very busy street in the business district. Her *brief* contains a map of the city. Neither the statement nor the map is a part of the petition. Defendant counters by stating the place where the injury occurred is composed of frame dwelling houses, vacant lots and a junk yard. The petition is completely silent as to those matters. We are required to deal with the averments contained in the petition. On a demurrer to the petition we cannot pass upon disputed facts. Only facts well pleaded are admitted by the demurrer.

In the case of *Dargatz v. Dodge City*, 151 Kan. 747, 100 P. 2d 680 (1940), the petition, however, specifically alleged that pedestrians *ordinarily walked across the parking at a busy street*. The district court overruled defendant's general demurrer to the petition and we reversed the ruling. The defect was there alleged to be in a parking on a busy street. The injury occurred at night. (In the instant case it occurred in the daytime.) In the Dodge City case, the street, at the place of injury, was dark and insufficiently lighted. The parking consisted of gravel or sand. People ordinarily parked

their cars and walked across the parking. That fact was well known to the city. Plaintiff was injured by stepping into a depression. The depression was caused by the parking being washed out, or otherwise. It was seven to five inches deep, fifteen inches east and west and two feet north and south. All these facts were alleged to have been well known to the city for a long time. We held:

"In an action for damages against a city alleged to have been sustained when plaintiff fell on account of a depression in the parking, it is held that the depression described in the petition did not constitute such a defect in the parking as to render the city liable." (Syl.)

In the opinion we said:

"The plaintiff had no right to expect the parking to be in as safe a condition as was the walk. The city is held to a high degree of care as to sidewalks, but to hold it to the same degree of care as to parking would place a burden upon cities with which they would not be able to cope. Sidewalks are made of concrete or brick, while the parkings are of sod or earth, or, as in this case, sand or gravel. At any rate, they are more vulnerable to the ravages of weather—such as the washing caused by rain or snow—than are sidewalks or crosswalks. It will not do to make the city the insurer of the safety of everyone who uses the parkings to get to or go from his car. There must be negligence on the part of the city in order to make the defect an actionable one. We cannot hold that to permit a place such as is described in this petition to exist was negligence." (p. 749.)

Plaintiff cites decisions holding a city has no right or license to maintain a nuisance on its streets. (*Malchow v. City of Leoti*, 95 Kan. 787, 49 Pac. 687; 2 Elliott on Roads and Streets, 4th ed., § 836.) Analysis of these authorities will disclose they are not in point.

Of course, this court has not and does not now intend to say a city is not liable for any condition that may exist in a parking. That fact will be discerned readily from various cases noted in the case of *Register v. City of Pittsburg*, 139 Kan. 753, 754, 33 P. 2d 173, and others which might be cited. The difficult question is always where to draw the line between liability and nonliability. Upon what logical and sound legal principle, however, can we distinguish between the Dodge City case and the instant case. Can we arbitrarily say a depression does not constitute a defect, but a projection does? Obviously we cannot. Let us assume the depression in the Dodge City case was occasioned by the elements and had existed at the dimensions' pleaded for six months. Can we logically say if a depression was caused by the elements a defect does not exist and no liability of the city attaches, but if the depression was created by some human agency, as for example by boys

throwing horseshoes at a stake, a defect does exist, and liability attaches? We do not think so. On the other hand, if we should hold the depression in the Dodge City case and the projection in the instant case both constituted defects for which a city was liable, what about the matter of knowledge of or notice to the city? Could we logically say it is not negligence of the city to fail to discover the depression, but it is negligence not to discover a stake one-fourth of an inch in diameter and five inches in height? If so, upon what sound theory? It is common knowledge that grass and weeds frequently are permitted to grow in parkings to a height far above five inches. Is the city liable if it does not discover a stake five inches in height under those circumstances? What was the condition of the instant parking? The petition is silent. In the Dodge City case the depression was obvious. It had existed not only at night, but for a long time, and the petition alleged the city knew all the facts. That case received our serious consideration, as has the instant one. We think the instant petition does not state a cause of action. The ruling on the demurrer is reversed.