No. 36,549

WAYNE R. ABBOTT, *Appellee*, v. INLAND OIL INCORPORATED, *Appellant*.

(167 P. 2d 287)

Opinion filed April 6, 1946.

*J. B. McKay*, of El Dorado, argued the cause for the appellant.

*W. C. Attwater*, of Wichita, argued the cause for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action for an accounting between the parties to a joint adventure and to determine the ownership of interests in oil and gas leases. The defendant demurred to plaintiff's amended petition on the ground that the court had no jurisdiction of the subject matter of the action and that the amended petition

did not state sufficient facts to constitute a cause of action. This demurrer was overruled. The defendant has appealed.

The plaintiff filed a petition on April 26, 1945. Defendant filed a lengthy motion to require him to make his petition more definite and certain in some fourteen different respects and a further motion to strike certain portions. These motions were resisted by plaintiff. The motion to make definite and certain was overruled in part and sustained in part. The motion to strike was overruled. Plaintiff filed an amended petition and defendant demurred thereto. The amended petition pleaded the existence of the defendant as a corporation and that in May, 1944, the president of the defendant and plaintiff had a conversation whereby plaintiff was to conduct a series of seismographic surveys, and the defendant was to cause any prospects determined thereby to be drilled for oil and gas and was to give plaintiff five percent of any developments, and in addition pay plaintiff $250 a month for his services and provide an office and stenographic and telephone facilities.

The alleged contract further provided that plaintiff would have the right to engage in oil ventures as a free agent in his own right if he so wished; that pursuant to this contract plaintiff spent the months of June and July in securing a seismographic crew and equipment; that in August, 1944, he commenced to receive pay under the contract pleaded.

The amended petition then set out four prospective areas which were developed by plaintiff as the result of his seismographic work but alleged that plaintiff claimed no interest in them.

The petition then pleaded that about this time the president of defendant approached plaintiff and requested him to disregard the seismographic program and assist him in finding a quick drilling prospect for oil; that plaintiff took from his confidential files one of the drilling prospects which he had gathered through the years as a petroleum geologist, which he revealed to the president of the defendant was of great value and in all likelihood would prove productive; that this information was furnished by plaintiff to the defendant in the form of a geological map; that this map and the skill and ability with which it was composed was no part of the agreement between plaintiff and defendant and was not based upon any seismographic explorations and defendant had no rights thereto any more than any other stranger.

The petition then alleged that the president of the defendant

agreed with plaintiff that they would use their best efforts jointly to secure leases on the acreage covered by this map; that plaintiff thereupon did purchase at the instance of the president of defendant leases upon the land; the description of which was set out in the petition; that all of these tracts were already under lease to other persons, and leases upon them were acquired by plaintiff by various assignments and other transactions and were taken in the name of defendant corporation for the purpose of making them readily transferable.

The petition then alleged that sufficient interests in this acreage were sold to defray the costs of drilling the first well and the plaintiff assisted in negotiating these sales, in hiring a drilling contractor and in preparing the various agreements in connection therewith; that a well was sunk on these leases and completed as a commercial well, to which was assigned a state potential of approximately 2,540 barrels per day and that since that time another well had been sunk of about equal capacity; that the defendant company had an undivided one-half interest in these wells; that at various times during March and April, 1945, plaintiff demanded orally of the president that there be assigned to him his interest in the benefits which accrued to the corporation as the result of the contributions made by him, but that the president of the defendant advised plaintiff that he was a mere employee of the defendant and had no interest in the wells; that on April 17, 1945, plaintiff notified defendant corporation by letter that there was no connection between them of any kind and he resigned as director of the corporation.

The amended petition then alleged that by reason of the facts detailed plaintiff was a joint adventurer with the defendant in the drilling venture described; that by reason of his contributions for the benefit of defendant, and by reason of the further fact no agreement was ever had between the parties in connection therewith, plaintiff had at all times relied upon his right to share equally with defendant in the benefits of the adventure.

The plaintiff prayed judgment for an accounting that the rights of the parties be fixed; that plaintiff be declared the owner of an undivided one-half interest in all the interests of the defendant in the acreage in question and personal property and equipment thereto and a like share in the profits therefrom or to be derived therefrom subject only to the defendant's rights as an operator, and for a receiver if the court should deem one necessary.

Defendant demurred to this petition on the ground that the court had no jurisdiction of the subject of the action and the petition did not state facts sufficient to constitute a cause of action. The demurrer was overruled—hence this appeal.

Appellant first argues that its demurrer to plaintiff's petition should have been sustained on the ground that the district court of Sedgwick county did not have jurisdiction of the subject matter of the action because it was brought to recover an interest in oil and gas leases covering real estate in Rush county. Authorities are cited where we have held that such an action must be brought in the county where the real estate is located. (See *Martin v. Battey*, 87 Kan. 582, 125 Pac. 88.)

Appellee meets that by arguing that his cause of action is not for the partition of real estate but for an accounting between two partners to a joint adventure, and that in such an action although an oil and gas lease ordinarily is real property as between the partners it is treated as personal property and the action may be brought in any county where jurisdiction of the parties may be had.

We do not find it necessary to answer that question because of the conclusion we have reached on the question of whether plaintiff stated a good cause of action for an accounting between partners to a joint adventure.

Appellant argues further that the petition does not state a good cause of action because it appears on its face that at all times pleaded therein plaintiff was a director in defendant corporation and as such he could not acquire an interest in the leases adverse to the interest of the corporation.

The plaintiff takes exception to the statement that he was a director in the defendant corporation. He states that no such allegation may be found in the petition. It is true the petition makes no direct allegation that plaintiff was a director of defendant. There is a statement, however, that after endeavoring to induce defendant to assign to him an interest in the leases he resigned as a director of defendant. Defendant asked in its motion to make definite and certain that plaintiff be ordered to state when he became a director of the defendant. This motion was resisted by plaintiff and was overruled by the trial court. In such a situation the petition must be strictly construed against the plaintiff. See *Frazier v. Cities Service Oil Co.*, 159 Kan. 655, 157 P. 2d 822; *Mead v. City of Coffeyville*, 152 Kan. 799, 107 P. 2d 711; *Frogge v. Kansas City Public Service Co.*, 159

Kan. 687, 157 P. 2d 537 and *Sluss v. Brown-Crummer Inv. Co.,* 137 Kan. 847, 22 P. 2d 965.

We shall consider the petition as though it alleged that from the beginning plaintiff was a director of defendant. Such being the case, the rule stated in *Ryan et al., v. L. A. & N., W. Rly. Co., et al.,* 21 Kan. 365, governs. There we said:

"The elementary text-books of authority on the subject of corporations lay down the rule that the fiduciary character of directors is such that the law will not permit them to manage the affairs of the corporation for their personal and private advantage, when their duty would require them to work for, and use reasonable efforts for, the general interests of the corporation and its stockholders and creditors. The directors are the primary agents of the corporation, and this relation requires of them the highest and most scrupulous good faith in their transactions for the corporation; and the general rule that no trustee can derive any benefit from dealing with these funds, of which he is a trustee, applies with still greater force to the state of things in which the interest of the trustee deprives the corporation of the benefit of his advice and assistance. Courts of equity always regard with great jealousy the contracts made between directors and the corporation, and, as a general rule, such contracts are voidable at the instance of the corporation or stockholders. This doctrine applies ·whether the directors are a party to the contract in its inception, or whether they subsequently acquire an interest in it. As directors cannot acquire an interest directly or indirectly, adverse to the corporation, if they, taking advantage of their knowledge and position, make even an advantageous bargain in the purchase of claims against the corporation, the profits thus made will be treated as held in trust for the company." (p. 398.)

The same rule has been stated many times. See 2 Thompson on Corporations, 2d ed. sec. 1715; *Kimble v. Gas Co.,* 108 Kan. 697, 196 Pac. 1063 and *Oil and Gas Co. v. Overfield,* 113 Kan. 294, 214 Pac. 809.

This rule would have required that defendant's demurrer be sustained.

There is a further reason why this amended petition did not state a good cause of action for an accounting between partners in a joint adventure. The first four paragraphs of the petition state a contract of employment whereby plaintiff was to be paid $250 a month salary with five percent interest in any leasing prospects he developed. Paragraphs five and six tell about how the president at about the time this contract was entered into told plaintiff to disregard the seismographic program and assist in finding them a quick drilling prospect for oil, and that in compliance therewith plaintiff disclosed to the president of defendant a geological map

he had made prior to going to work for defendant. The latter part of paragraph six does say that this map and the skill and ability with which it was made was no part of the agreement of employment that had been pleaded between plaintiff and defendant and that defendant had no rights thereto except as to any other stranger. There is no allegation, however, that the president acting for the defendant made any agreement to pay plaintiff anything more for this map than he had agreed to pay him for information he would discover by means of his seismographic work.

Paragraph seven states that the president and Abbott then agreed they would jointly use their best efforts to secure the leases in the acreage covered in the map, and that they did secure these leases. There is no allegation, however, that plaintiff was to receive anything for doing this work of securing these leases other than the company had agreed to pay him for his work as a seismographic man. The same may be said as to the allegations in paragraph eight with reference to the selling of sufficient interest in the leases to secure the drilling of a well, and the making of a contract for drilling the well. The defendant endeavored by its motion to cause plaintiff to disclose more in detail what the relationship was between plaintiff and defendant, if it was other than that of employer and employee. The plaintiff resisted this motion so successfully that no more details were given than have been set out here. The result is that the amended petition does little more than state that the defendant caused the plaintiff to do other work than that of a seismographic man and does not allege he was not paid the $250 agreed upon at all times while he was doing this work. Such being the case, the petition must be held not to state a cause of action based upon joint adventure.

The plaintiff argues that he stated in his amended petition a course of dealing whereby the transactions with reference to the map, the securing of the leases and the drilling of the well were entirely separate from the contract of employment pleaded in the first four paragraphs of the petition. We have examined the petition carefully and we fail to find where this distinction is pleaded with sufficient clarity to enable a court to pronounce judgment upon it.

The judgment of the trial court is reversed with directions to sustain the demurrer.

BURCH, J., dissents.