No. 37,783

ADDIS M. MAST, *Appellee*, v. THE CITY OF GALENA, a Municipal Corporation, *Appellant*.

(215 P. 2d 152)

Opinion filed February 28, 1950.

*Kent E. Yount,* city attorney, of Galena, argued the cause, and *Oscar M. Yount* and *Helen E. Yount,* both of Galena, of counsel, were with him on the briefs for the appellant.

*Don Musser,* of Pittsburg, argued the cause, and *Sylvan Bruner, Pete Farabi* and *Morris Matuska,* all of Pittsburg, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages for personal injuries. The defendant demurred to the petition because it did not state a cause of action. This demurrer was overruled and defendant has appealed.

The petition alleged that about 7:30 p. m. on the 19th day of October, 1942, plaintiff walked east from the east curb of a street in Galena toward the sidewalk running north and south .parallel with the street, and as she neared the west edge of the sidewalk, walking in a careful manner, she stepped on a thin and worn-out tin lid covering a water meter hole located at the west edge of the sidewalk, and about eight feet south of a small walk leading from the street to the sidewalk, without knowing that the hole was located

there and when she put her weight on the lid, it was insufficient in strength and so worn and defective it gave way and dropped her into the hole so that she was injured; that she had been in good health prior to the injury. The petition further stated that all of her injuries were caused by the defective condition of the street at the place in question and it was dangerous for public travel because the city, its agents, officers and servants negligently maintained the water meter hole and left it improperly protected and insufficiently covered and that such dangerous and defective condition had existed for a long period of time, the exact extent of which plaintiff was unable to state because it was unknown to her, but that the city and its officers, agents and servants knew of the dangerous condition and could have known of it.

To this petition the defendant leveled a motion to make more definite and certain in nine particulars and also a motion to strike certain language which referred to a dangerous and defective condition of the street and curbing. These motions were all overruled.

In addition thereto, the defendant filed a demurrer on the ground the petition did not state facts sufficient to constitute a cause of action. This demurrer was overruled—hence this appeal.

The defendant assigns as error the action of the trial court in refusing to make the petition more definite and certain, in refusing to strike and in overruling the defendant's demurrer.

The defendant first argues here that the court erred in overruling the two motions.

Plaintiff argues that the motions were within the sound discretion of the trial court. We do not find it necessary to decide this question because of the conclusion we have reached as to the demurrer.

In passing it should be noted the nine particulars in which the defendant asked the petition to be made definite and certain did not bear upon the nature of the alleged defective parking or water hole plaintiff alleged caused her injuries. They all had to do with the extent of her injuries, if any. On this account, the rule requiring a strict construction of the petition does not apply. The defendant in its motions did not ask for any additional information as to the nature of the defect.

The petition at various places spoke of a dangerous condition of the "street and curbing." The motion to strike was directed at part of this language. The place at which the injury occurred, however, was clearly located as at the west edge of the sidewalk and about

eight feet south of a small walk leading from the street to the house. Clearly the unsafe condition pleaded was in what is commonly spoken of as the "parking." There is a different rule of liability as to "parking" on one hand and "sidewalks" and "streets" on the other. Technically a parking might be deemed a part of the street. However, the city does not owe as high a degree of care to one using the parking to walk upon as it owes to one using the street or sidewalk. We have considered this petition from the viewpoint of whether it stated a cause of action for a defect or dangerous condition in the parking.

Stated succinctly, it alleges the plaintiff was walking across the parking in the evening of October 19th, whether it was dark or not was not alleged, and that she stepped upon a tin lid which covered a hole, which tin lid was worn and defective and gave way letting her fall into the hole. The question is the liability of the city for injuries which occur in a parking, and whether plaintiff may recover in view of the fact that she walked across the parking at a point only eight feet from where there was a walk leading from the street to the sidewalk.

We have considered the question of the liability of a city for injuries sustained while walking across a parkway in *Dargatz v. Dodge City,* 151 Kan. 747, 100 P. 2d 680. In that case the petition alleged plaintiff was injured when she stepped into a hole in the parking about 10 o'clock in the evening. She had alighted from her automobile and walked across the parking to the sidewalk. The demurrer of the city to the plaintiff's petition was overruled and the city appealed. We reversed and quoted from *Register v. City of Pittsburg,* 139 Kan. 753, 33 P. 2d 173, where we said:

"While the cases cited authorize a recovery, they recognize that there are duties owed by the plaintiff to keep to streets and walks designed for travel to the place where the accident occurred and give consideration to the use that might be expected to be made of the streets at that place. The parkway is not expected to be used much by foot passengers."

Later, in the Dargatz case, *supra,* we said:

"In considering this question this court will take into consideration the amount of parking and the amount of sidewalks of a city and the condition of parkings generally. The plaintiff had no right to expect the parking to be in as safe a condition as was the walk. The city is held to a high degree of care as to sidewalks, but to hold it to the same degree of care as to parking would place a burden upon cities with which they would not be able to cope."

We also considered the same question in *Mead v. City of Coffey-*

*ville,* 152 Kan. 799, 107 P. 2d 711. There the petition alleged the injury to plaintiff by tripping over an iron stake in the ground in the parking. The defendant's demurrer to plaintiff's petition was overruled. On appeal we reversed the judgment and referred to *Dargatz v. Dodge City,* supra, also to *Register v. City of Pittsburg,* supra. We quoted from the latter opinion and said:

"While the cases cited authorize a recovery under the facts, they also recognize that there are degrees of care to be exercised, and right of recovery varies according to the place where the accident occurred, and what the duties of the city were as to keeping such places safe for travel and the use that might be expected to be made by users of certain parts of the street. The same care is not to be expected by people who are angling across the street over a curb and parkway as in places set apart for travelers, like sidewalks and crosswalks.

"While the cases cited authorize a recovery, they recognize that there are duties owed by the plaintiff to keep the streets and walks designed for travel to the place where the accident occurred and give consideration to the use that might be expected to be made of the streets at that place. The parkway is not expected to be used much by foot passengers."

We said further:

"Could we logically say it is not negligence of the city to fail to discover the depression, but it is negligence not to discover a stake one-fourth of an inch in diameter and five inches in height? If so, upon what sound theory? It is common knowledge that grass and weeds frequently are permitted to grow in parkings to a height far above five inches. Is the city liable if it does not discover a stake five inches in height under those circumstances? What was the condition of the instant parking? The petition is silent. In the Dodge City case the depression was obvious. It had existed not only at night, but for a long time, and the petition alleged the city knew all the facts. That case received our serious consideration, as has the instant one."

Following what was said in the above opinions, we hold the petition we are considering did not state a cause of action and defendant's demurrer to it should have been sustained.

The judgment of the trial court is reversed with directions to sustain defendant's demurrer.

SMITH, J. (dissenting): I dissent from the foregoing opinion because I cannot distinguish the facts pleaded in this opinion from those in *Gilmore v. Kansas City,* 157 Kan. 552, 142 P. 2d 699. True, that case was an appeal from a jury verdict while the instant case is an appeal from a ruling as to the sufficiency of the petition. But in both instances there was the question of what constitutes a defect as a matter of law. The defect as alleged in the instant pe-

tition is quite the same as the defect established by the evidence in the Gilmore case. There the plaintiff stepped into an open hole in the parking where a pole had been removed. We held the city liable. In this petition the hole into which plaintiff stepped was covered with a thin and worn-out tin lid. The reasonable inference was that the city had covered the hole with such a lid or manhole cover. Both holes were in the parking and both injuries happened after dark. In my opinion, there is no way to distinguish between the two petitions. On that account, I cannot concur in the majority opinion.

ARN, J., joins in this dissent.

WEDELL, J. (dissenting).