81 So.2d 484 (1955)
Margaret DRAMSTADT, Appellant,
v.
CITY OF WEST PALM BEACH, a municipal corporation, and West Palm Beach Water Company, a corporation, Appellees.
Supreme Court of Florida. Division A.
June 17, 1955.
Rehearing Denied July 14, 1955.
Harry Goodmark, West Palm Beach, and J. Ben Watkins of Truett & Watkins, Tallahassee, for appellant.
Robert H. Anderson, Don G. Nicholson, Wilson Smith, Miami, and Russell L. Frink, Jacksonville, for appellees.
TERRELL, Justice.
Appellant instituted this action against appellees to recover damages for personal injuries. The complaint charges inter alia that about 11:00 P.M., January 5, 1953, she alighted from an automobile parked in front of 334 Murray Road, West Palm Beach, stepped on a grass strip of parkway inside the curb that was lawfully used by pedestrians; that West Palm Beach Water *485 Company had installed a water meter box in said parkway which protruded above the ground about two inches so as to constitute an impediment on the path of those using the parkway; that there were no signs or lights to warn of the presence of said meter box, account of which plaintiff tripped and fell, injuring herself seriously.
Appellees as defendants interposed answers to the complaint and moved for summary judgment, to which motion they attached photographs of the locus. Affidavits and counter affidavits were also filed and the motion for summary judgment was granted on the theory that the area where the water meter box was placed was not intended to be used by pedestrians and being so, the plaintiff could not recover damages against defendants for any injury she received when walking on the parkway. The complaint was accordingly dismissed and the plaintiff has appealed from that order.
Two questions are raised but the real point in issue is whether or not the pleadings presented a question of negligence or contributory negligence that should have been submitted to a jury.
It is a matter of common knowledge that water meter boxes are frequently placed in parkways and much case law has been promulgated from controversies arising out of them. To discuss them would require a long opinion that would amount to nothing more than a venture in logomachy which I am not inclined to take because it would add nothing to the law. This is true because each case arises from the peculiar facts, is not a precedent for future adjudications so a lengthy recital of them would serve no useful purpose. It is further true because strong cases can usually be stated concisely while a weak one requires "words, words, words," and the further extended, the weaker the case gets.
In Florida by weight of authority the city is not liable in situations similar to this but that in no sense implies that the water company may not be liable. Gulf Refining Co. v. Gilmore, 112 Fla. 366, 152 So. 621. In the case at bar appellant alighted from the automobile at night and proceeded along the parkway where pedestrians were not supposed to go in the nighttime. There was no walkway there, but she was apparently using the parkway to effect a "short cut" to her destination. Under such cicumstances this court has approved the doctrine that the city is not liable, that those who use such areas do so at their own risk. Owners or holders of premises are not required to place warning signals on property where the public is not expected to go. A casual look at the photographs of the parkway involved here (introduced in evidence) shows conclusively that it was intended to beautify the terrain and not to be used as a walkway by pedestrians. True, there were no "Keep Off the Grass" signs displayed but the very nature of the high shrubbery in the parkway inhibited trespassing, particularly in the nighttime. Night Racing Ass'n, Inc., v. Green, Fla., 1954, 71 So.2d 500; Brant v. Van Zandt, Fla., 1954, 77 So.2d 858; Kitchen v. City of Jacksonville, 158 Fla. 621, 29 So.2d 441, and City of Miami Beach v. Quinn, 149 Fla. 326, 5 So.2d 593.
A city or the water company is not required to exercise the same degree of care for the safety of pedestrians in parkways as it is over streets and sidewalks. In this holding we do not overlook the doctrine of the cases cited in Mast v. Galena, 168 Kan. 628, 215 P.2d 152, 19 A.L.R. 2d 1053, 1080; Vol. 25, American Jurisprudence, Section 407, and others but Florida has adopted a different rule, in view of which the judgment appealed from is affirmed.
Affirmed.
DREW, C.J., and SEBRING and ROBERTS, JJ., concur.